**2484CV00531 Angela Gonneville, individually and on behalf of all others similarly situated vs. Lens.com**

| | |
|---|---|
| **CASE TYPE:** Business Litigation | |
| **ACTION CODE:** BH2 | |
| **DESCRIPTION:** Complex Unfair Trade Practices | |
| **CASE DISPOSITION DATE:** 04/26/2024 | |
| **CASE DISPOSITION:** Transferred to another Court | |
| **CASE JUDGE:** | |

| | |
|---|---|
| **FILE DATE:** | 02/23/2024 |
| **CASE TRACK:** | B - Special Track (BLS) |
| **CASE STATUS:** | Closed |
| **STATUS DATE:** | 04/26/2024 |
| **CASE SESSION:** | Business Litigation 2 |

| PARTIES | | |
|---|---|---|
| **Plaintiff** Angela Gonneville, individually and on behalf of all others similarly situated | **Attorney** Andrew J Garcia Phillips and Garcia, PC Phillips and Garcia, PC 13 Ventura Drive North Dartmouth, MA 02747 Work Phone (508) 998-0800 Added Date: 02/23/2024 | 559084 |
| | **Attorney** Carlin John Phillips Phillips and Garcia, PC Phillips and Garcia, PC 13 Ventura Drive Dartmouth, MA 02747 Work Phone (508) 998-0800 Added Date: 02/23/2024 | 561916 |
| **Defendant** Lens.com | **Attorney** Theodore Joel Folkman Rubin and Rudman LLP Rubin and Rudman LLP 53 State St Boston, MA 02109 Work Phone (617) 330-7000 Added Date: 04/26/2024 | 647642 |

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
**Docket Report**

| FINANCIAL DETAILS | | | | | |
|---|---|---|---|---|---|
| **Date** | **Fees/Fines/Costs/Charge** | **Assessed** | **Paid** | **Dismissed** | **Balance** |
| 02/23/2024 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b Receipt: 42771 Date: 02/26/2024 | 5.00 | 5.00 | 0.00 | 0.00 |
| 02/26/2024 | Civil Filing Fee (per Plaintiff) Receipt: 42771 Date: 02/26/2024 | 240.00 | 240.00 | 0.00 | 0.00 |
| 02/26/2024 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 42771 Date: 02/26/2024 | 20.00 | 20.00 | 0.00 | 0.00 |
| 02/26/2024 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 42771 Date: 02/26/2024 | 15.00 | 15.00 | 0.00 | 0.00 |
| | **Total** | **280.00** | **280.00** | **0.00** | **0.00** |

**I HEREBY ATTEST AND CERTIFY ON**
_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:

ASSISTANT CLERK



| | | INFORMATIONAL DOCKET ENTRIES | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 02/23/2024 | 1 | Complaint electronically filed. | |
| 02/23/2024 | 2 | Civil action cover sheet filed. | |
| 02/23/2024 | | Attorney appearance<br>On this date Carlin John Phillips, Esq. added for Plaintiff Angela Gonneville, individually and on behalf of all others similarly situated | |
| 02/23/2024 | | Attorney appearance<br>On this date Andrew J Garcia, Esq. added for Plaintiff Angela Gonneville, individually and on behalf of all others similarly situated | |
| 02/26/2024 | | Docket Note: (1) summons sent by mail.<br><br>Applies To : Garcia, Esq., Andrew J (Attorney) on behalf of Angela Gonneville, individually and on behalf of all others similarly situated (Plaintiff) | |
| 02/26/2024 | 3 | General correspondence regarding Notice of Acceptance into Business Litigation Session<br>Accepted into BLS2<br>(Dated 2/26/2024) Notice sent 2/26/2024 | Salinger |
| 03/13/2024 | | The following form was generated:<br><br>Notice to Appear - BLS<br>Sent On: 03/13/2024 11:45:29 | |
| 04/02/2024 | 4 | Service Returned for<br><br>Applies To: Lens.com (Defendant) | |
| 04/04/2024 | 5 | Plaintiff Angela Gonneville, individually and on behalf of all others similarly situated's Assented to Motion for<br>Extension Of Time To Respond To The Complaint | |
| 04/09/2024 | | Endorsement on Motion for extension of time to respond to the complaint (#5.0): ALLOWED<br>Allowed to May 17, 2024.<br>(dated 4/8/2024)<br>Notice sent 4/9/24 | Salinger |
| 04/23/2024 | | The following form was generated:<br><br>Notice to Appear - BLS<br>Sent On: 04/23/2024 14:44:28 | |
| 04/25/2024 | 6 | Defendant Lens.com's Notice of Removal<br><br>(U.S. Dist. #24cv-11110 ) | |
| 04/26/2024 | | Attorney appearance<br>On this date Theodore Joel Folkman, Esq. added for Defendant Lens.com | |
| 04/26/2024 | | REMOVED to the U.S. District Court<br>Of Massachusetts | |

| | |
|---|---|
| 04/26/2024 | Case transferred to another court. |

Date Filed 2/23/2024 6:01 PM   Case 2:24-cv-01151-JAD-NJK   Document 5   Filed 04/29/24   Page 5 of 141
Superior Court - Suffolk
Docket Number

1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
BUSINESS LITIGATION SESSION

| | |
|---|---|
| ANGELA GONNEVILLE, individually and on behalf of all others similarly situated )<br><br>Plaintiff )<br><br>v. )<br><br>LENS.COM, INC. )<br><br>Defendant ) | CIVIL ACTION NO.<br><br>kg |

## CLASS ACTION COMPLAINT

Plaintiff, Angela Gonneville, individually and on behalf of all others similarly situated, brings this Class Action Complaint for damages for unfair and deceptive sales practices committed by Defendant, Lens.com, Inc.

## INTRODUCTION

1.     This is a consumer class action case involving an undisclosed junk fee that Lens.com charges as part of online contact lens orders. More particularly, Lens.com adds an undisclosed and non-itemized "processing charge" to contact lens orders after customers have already filled out the details of their contact lens orders. Lens.com has received numerous complaints regarding this undisclosed charge.

2.     Plaintiff seeks to represent a class of consumers in Massachusetts who have paid an undisclosed processing or handling charge on their contact lens order. Given the amount of the

fees at issue and given the number of potential consumers impacted, a class action is the most judicially efficient manner of adjudicating this dispute.

## PARTIES, JURISDICTION AND VENUE

3.     Plaintiff, Angela Gonneville ("Plaintiff" or "Ms. Gonneville"), is an individual who resides in Massachusetts.

4.     Defendant, Lens.com, Inc. ("Lens.com" or "Defendant"), is a Nevada corporation with its principal place of business in the State of Missouri.

5.     The Court has original jurisdiction over the civil claims alleged in Plaintiff's Complaint pursuant to M.G.L. ch. 212 § 4.

6.     This Court has personal jurisdiction over Lens.com pursuant to M.G.L. ch. 223 § 3 because Lens.com conducts significant business in Massachusetts, namely through the marketing, advertising, selling and delivery of contacts lens products in Massachusetts to consumers such as Plaintiff.

7.     Likewise, venue is proper here as the defendant markets, advertises, sells and delivers contacts lens products to Massachusetts consumers in this county.

## FACTUAL BACKGROUND

### The Business of Lens.com

8.     Lens.com is an online seller of contact lenses and claims that it provides consumers "the best way to buy contact lenses - better than your eye doctor, better than big box, better than other websites." Lens.com further claims that it offers the lowest prices of any contact lens seller online or in-store and that most orders ship within 24 hours.

9.     Lens.com markets its contact lenses as having "Year Round *Unbeatable* Prices." On its website it states that it has delivered over 691 million contact lenses. It further touts that,

2

"With over 35 Million contact lenses in stock, we immediately fill your order with your exact prescription."

10.     In a FAQ (frequently asked question) on its website entitled, "How much does shipping cost?", Lens.com states: "At Lens.com we don't bury the cost of shipping in every box we sell. We are completely transparent and let you decide what's best for you. We offer you reliable shipping at extremely competitive prices/rates. You will be able to select the best method for your personal needs at checkout." It then includes a chart of shipping costs within the United States, Canada and Internationally. Nowhere under its description of shipping costs is there mention of a "processing" or "handling" fee of any kind. A search of the words "Processing Fee" on Lens.com's website yields no information.

**The Proliferation of Junk Fees in Online Consumer Transactions**

11.     Retailers, like Lens.com, are increasingly charging consumers "junk fees" in online transactions to increase profits. "Junk Fees" are defined by the Federal Trade Commission as "unnecessary, unavoidable, or surprise charges that inflate costs while adding little to no value." The FTC notes that "[c]onsumers can get hit with junk fees at any stage of the purchase or payment process. Companies often harvest junk fees by imposing them on captive consumers or by deploying digital dark patterns and other tricks to hide or mask them." https://www.ftc.gov/news-events/news/press-releases/2022/10/federal-trade-commission-explores-rule-cracking-down-junk-fees.

12.     Common junk fees are convenience fees, processing fees, resort fees, service fees and overdraft fees. The White House recently issued a junk fee guide for the states noting how junk fees have overrun the American economy and are "often not disclosed upfront and only revealed after a consumer has decided to buy something, obscure true prices and dilute the forces

3

of   market   competition   that   are   the   bedrock   of   the   U.S.   economy."

https://www.whitehouse.gov/wp-content/uploads/2023/03/WH-Junk-Fees-Guide-for-States.pdf

**Lens.com's Sales Practices and Junk Fees**

13.     Lens.com's marketing materials state that "we don't bury the cost of shipping in every box we sell. We are completely transparent and let you decide what's best for you. We offer you reliable shipping at extremely competitive prices/rates. You will be able to select the best method for your personal needs at checkout."

14.     Despite these claims, Lens.com packs a junk fee into its transactions which it describes after the point of purchase as a "processing fee." This processing fee is separate from its shipping fee, which in the Plaintiff's case was either free or $7.95.

15.     Lens.com fails to disclose or itemize its processing fee during online transactions and inflates the total transaction price by the amount of the hidden processing fee at the end of the transaction when a consumer's credit card is being processed. These hidden fees add to the total product price but are not disclosed at any point in the cycle of the transaction, in marketing materials, frequently asked questions on Lens.com's website or in product pricing disclosures.

16.     In some transactions, Lens.com never discloses the existence or amount of its processing fee. In other transactions the hidden fees are only disclosed on a packing slip provided to the consumer when the product is delivered. In those circumstances, the hidden fees are listed as "PROCESSING" or as "Shipping & Handling" fees.

17.     The amount of the processing fee charged by Lens.com varies greatly and from transaction to transaction. The Plaintiff's processing fees were $55.97, $22.57 and $5.21.

18.     Numerous online complaints made by Lens.com customers describe processing fees that are over $100. The below listed consumer complaints made to Complaints Board, an

4

online consumer complaint center, describe Lens.com's surprise processing fee. Each consumer

referenced below contacted the Defendant's customer service line to complain about the

processing fee and, accordingly, these complaints constitute notice and knowledge to the

Defendant of the unfair and deceptive nature of their processing and other fees. The online

complaints state in relevant part:

**Processing Fees**
Contact lenses were ordered for my child over the phone in February of
2021. The bill received did not break out the $103 processing fee for an
order of $107 in contacts. The processing fee did not include shipping fees.
This was discovered when trying to tally the order for reimbursement by the
child's father months later and the lens cost did not add up to the total. When
contacting the company the only adjustment offered was a $7.95 shipping
credit. The price of contacts was severely misrepresented due to the
arbitrary and, per customer service, ever changing "processing fees".
(Chobbs 1411 of US; August 27, 2021)

**Lens.com review: Astronomical processing fee for contact lens order.**
Customer since 2014... Last order placed 12/26/2020 and was charged
processing fee of $110.38... I immediately contacted the company and was
simply told "that was their processing fee"... I escalated the issue as I have
never paid more than $35.96 for a processing fee (last order was 8/2020 and
fee was $29.54)... Continued to reach out via email and was finally told on
Jan 3rd that my complaint was escalated to leadership... I reached out again
on Jan 11, 12 and now this morning and have never been contacted back...
I am now in the process of disputing charge with the credit card company...
I have included the processing fees paid so you can see for yourself the
ridiculous amount charged this last order:

> 4-2014 $18.16
> 3-2015 $26.47
> 8-2015 $26.11
> 9-2016 $35.96
> 9-2017 $25.51
> 9-2018 $25.99
> 12-2019 $27.51
> 8-2020 $29.54
> 12-2020 $110.38

I understand I owe for the contacts but I refuse to pay that amount for
processing! (juhnklo of US; January 15, 2021)

**Extraordinarily high processing fee.**
On July 7, 2023, I submitted an order and paid $220 for 4 boxes of contacts. A bargain so I thought, because I would also get a $75 rebate. Again, so I thought. Imagine my surprise when I see I was charged $330 for my order due to a huge $120 processing fee. Apparently the 'submit order' button appears before the processing fee (which requires you to scroll down past the submit order so you don't see the additional fee.) It doesn't appear on the consumers invoice on their site, but somehow when you questions it, the Customer service people are able to produce an invoice showing the fee. They claim it is automatically added 'by the system' and they cannot refund any portion of it. The processing fee was more than 50% of my total purchase and in reading the complaints about them, they take so long to issue the $75 rebate that the expiration date is so close or past, rendering it useless as it is a visa gift card. These complaints date back to 2014 and nothing has changed. Below is the invoice AFTER the order was submitted. (K. Lennon, Rochdale, MA; July 18, 2023)

**Lens.com added 85% to my order in "tax & fees"**
I intended to purchase 4 boxes of contact lenses at $31.74 per box. They advertised $9.24 per box if I ordered 8 boxes, which would have been $73.92, instead of $253. 92. When I clicked "checkout" the total was$485.79! They added $213.92 in "tax & fees", which is an additional 85%.

I clicked the "chat 24/7" line and the rep did everything possible to avoid explaining what "fees" were, since tax would be no more than $22 in any state. I had to ask SIX TIMES, but he finally was forced to admit that "fees" were: "This includes calling your doctor on your behalf, doctor's fees since we need to verify your prescription, and handling and processing your order. If the customer has a valid prescription, there is no need to call the doctor. Tax would have been $20 so the "rebate" which was applied to the order, tax and their undisclosed "fees" added 85% to the cost of the order. I told them that was fraud and they lost my business. (Gail Reznik of US; March 26, 2023)

**Hidden taxes and fees**
When I went to re-order my contacts at Lens.com I noticed advertised pricing and total cost didn't add up. I went to order my 8 boxes so I would get the $160 RB. Listed at $42.79 per box before RB (22.79 after RB) times the required 8 boxes = 342.32 ($182.32 after RB)plus $9.95 Shipping. This should make for a grand total of $352.27( before RB). At check out total came up as $566.19! Call Lens.com, spoke with a rep. I was told to go back to the shipping page, there they show a "Taxes & fees" of 213.92! Contacts are NOT taxable! They are a rip off company with miss leading and Illegal sales tactics. I've used them several times in the past and had not been charged these taxes & fees, I will no longer purchase from them and will

tell others of my bad experience. (Sharon McD of Levittown, US; March 1, 2023.

**Lens.com review: Deceptive fees and rebate hurdles**
Customer since 2014, but noticed a huge disparity in cost when initiating my most recent order. Without a rebate, they show $72.24 per 90-lens box of 1-day lenses. Buy 8 boxes and the price (after rebate) is shown as $35.99 and rebate as $290. Great. The next screen in the checkout asks you to confirm where you want the boxes sent with a 'continue' button below it. When you accidentally scroll below that, you see a blowout of the order, with a whopping $241.92 in taxes and fees that "are compensation for servicing your order". That's the only place they show the added taxes/fees. If you click 'continue' and approve where to send the boxes, you miss that, because the final checkout screen never shows that added charge in its summary of your order. ... This is deceptive. (eyecu of Seattle, US; January 12, 2023)

**Ridiculous fee added without my knowledge**
I just learned that they added a $50 fee for for processing on an $80 order. And the customer rep could not explain what the processing fee was for. What a ripoff! (thomassu of Centerville, US; December 5, 2022)

19.     These consumer complaints describe in detail the repeated notice that Lens.com has received from consumers about its hidden processing fees and demonstrate its continued use of unfair and deceptive acts and practices to create revenue from junk fees.

**Plaintiff's Transactions**

20.     Plaintiff's transactions with Lens.com highlight the deceptive nature of Lens.com's business practices. In August 2019, Plaintiff ordered three boxes of contact lenses for a total price of $77.29 with free shipping. The subtotal that was charged to Plaintiff, however, was $82.50, which included a $5.21 undisclosed processing charge. The "processing fee" was only disclosed on the packing form delivered with the contact lenses.

21.     Likewise, in May 2020, Plaintiff ordered three boxes of contact lenses for a total price of $141.48 with free shipping. The subtotal that was charged to Plaintiff, however, was

$164.05, which thus included a $22.57 undisclosed processing charge. The packing form received when the contact lenses were delivered indicated a charge of $30.52 for "shipping & Handling."

22.     Similarly, in April 2021, Plaintiff ordered three boxes of contact lenses with a total price of $55.97 and free shipping. However, the subtotal charged to Plaintiff was $111.97 and thus included an undisclosed processing charge of $55.97. The one-page packing form received when the contact lenses were delivered did not itemize the transaction charges or disclose the amount of the processing fee.

23.     Plaintiff ultimately complained to Lens.com about the processing charges and was told that the processing fee used to be disclosed on the website but had been removed, there had been recent changes to the website but the fee was still not disclosed, the failure to disclose the processing fee has been reported to IT by several other agents and that Lens.com was trying to get that back up on the website.

## CLASS ACTION ALLEGATIONS

24.     Pursuant to Massachusetts Rule of Civil Procedure 23, Plaintiff brings this class action individually and on behalf of the following proposed class of persons, initially defined as:
All consumers who purchased contact lenses in Massachusetts and were charged a processing or handling fee with their contact lens order in the six years preceding the filing of this Complaint. (hereinafter the "Class").

The Class does not include Defendant; any affiliate, parent or subsidiary of Defendant; any entity in which Defendant has a controlling interest; any officer, director or employee of Defendant; any successor or assign of Defendant; Plaintiff's counsel or anyone employed by Plaintiff's counsel in this action and their immediate families; any judge to whom this case is assigned and any member

8

of his/her immediate family and staff; governmental entities; or individuals who have personal injury claims as a result of conduct and/or defects alleged herein.

25.    Plaintiff reserves the right to amend or supplement the Class descriptions with greater specificity or further division into subclasses or limitation to certain issues, after conducting discovery in this matter. Plaintiff also reserves the right to amend or supplement the proposed Class after conducting discovery in this matter.

**Rule 23 Class Certification Requirements**

26.    **Numerosity of the Class** – The members of the Class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believe that Lens.com processed tens or hundreds of thousands of contact lens orders and included an undisclosed processing fee with those orders. Adjudication of the claims in a class action context will provide substantial benefits to the parties and the Court.

27.    **Commonality and Predominance** – Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members, as is required by Mass. R. Civ. P. 23(a)(2) and (b)(3). These common questions include, but are not limited to:

a)  whether Lens.com engaged in the conduct alleged herein;

b)  whether Defendant failed to adequately disclose a processing and/or handling fee prior to the completion of an online order for contact lenses;

c)  whether Defendant's undisclosed processing and/or handling fee inflated the product price;

d)  whether Defendant's processing and/or handling fees exceeded actual costs and constituted a hidden profit for Defendant;

e)  whether Plaintiff and Class Members suffered out-of-pocket losses as a result of Defendant's actions and/or inactions alleged herein, and if so, how much;

9

f) whether Plaintiff and Class Members will suffer out-of-pocket losses as a result of Defendant's alleged actions and/or inactions alleged herein, and if so, how much.

28.     **Typicality** – The claims of the representative Plaintiff are typical of the claims of each member of the Class, thus satisfying Mass. R. Civ. P. 23(a)(3). Plaintiff, like all other members of the Class, have sustained damages arising from Lens.com's violations of the laws, as alleged herein. The representative Plaintiff and the members of the Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic, and pervasive pattern of misconduct engaged in by Lens.com. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of all other members of the Class.

29.     **Adequacy** – The representative Plaintiff will fairly and adequately represent and protect the interests of the Class Members and have retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation, thus satisfying Mass. R. Civ. P. 23(a)(4). There are no material conflicts between the claims of the representative Plaintiff and the members of the Class that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class members.

30.     **Declaratory or Injunctive Relief** – Lens.com has acted and refused to act on grounds generally applicable to Plaintiff and Members of the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate regarding the Class as a whole. Mass. R. Civ. P. 23(b)(2).

31.     **Superiority** – This suit may be maintained as a class action under Mass. R. Civ. P. 23(b)(3), because a class action is superior to any other available means for the fair and efficient adjudication of this dispute and no unusual difficulties are likely to be encountered in its management of this class action. The damages suffered by individual class members are small in comparison to the burden and expense of individually litigating each claim and based on the

complex and extensive litigation needed to address Spirit's conduct. Further, it would be virtually impossible for the Class Members to individually redress effectively the wrongs done to them. Even if Class Members themselves could afford such individual litigation, the court system could not. In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from complex legal and factual issues of the case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

32.    **Ascertainability:** Upon information and belief, the precise number of Class Members may be ascertained from Lens.com's records. Plaintiff contemplates the eventual issuance of notice to the proposed Class members setting forth the nature of the instant action. Upon information and belief, Class members may be notified of this action by recognized, Court approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, social media, and published notices, in addition to Lens.com's own business records.

## COUNT I
## BREACH OF CONTRACT

33.    Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 as though fully stated herein.

34.    Plaintiff's and other Class members' purchase of contact lenses constituted a contract between them and Lens.com, namely through the terms and conditions on the Lens.com

site. The terms and conditions do not mention a processing charge for online orders of contact lenses.

35.    Plaintiff and the Class Members performed all requirements under their agreements with Lens.com, namely the payment of the amount charged by Lens.com for the order.

36.    Lens.com breached its agreement with Plaintiff and the Class Members when it charged a hidden processing fee in connection with the contact lens orders.

37.    Plaintiff and members of the Class have suffered an injury through the payment of the processing fee.

38.    Plaintiff and Class members are therefore entitled to all incidental, consequential, and indirect damages resulting from Lens.com's breach of contract. Lens.com's breach caused damages to Plaintiff and the Class Members.

39.    Plaintiff and the Class Members seek to recover all permitted damages and their attorneys' fees caused by Defendant's breach.

## COUNT II
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

40.    Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 as though fully stated herein.

41.    The Defendant had an obligation to exercise of duty of good faith and fair dealing when transacting business with Plaintiff and the Class.

42.    The Plaintiff and the Class made purchases at Lens.com's online website. Lens.com advertised, disclosed and charged a specific price for each contact lens purchase. It claimed that it had the lowest contact lens prices.

12

43.    However, the Defendant, as matter a pattern and practice, assessed hidden junk fees to consumer's transaction which it labeled as processing and/or handling fees. These fees were not described on the Defendant's website or as part of the sale.

44.    In addition, these junk fees varied from transaction to transaction.

45.    The junk fees were charged to Plaintiff's credit and debit cards, thereby driving up the actual costs of their contact lens purchases.

46.    Lens.com used these hidden fees, which do not purport to approximate actual expenses incurred, as a hidden profit center. Not including these hidden fees in the product price allowed Lens.com to falsely claim that it had the lowest prices.

47.    Lens.com's pattern and practice of charging its consumers hidden junk fees in its transactions constituted a breach of the duty of good faith and fair dealing it owed to consumers as part of the transactions.

48.    As a direct and proximate result of the Defendant's acts and/or omissions, the Plaintiff and the Class suffered damages.

## COUNT III
## UNJUST ENRICHMENT

49.    Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 as though fully stated herein.

50.    Plaintiff and the Class Members conferred substantial benefits on Lens.com by purchasing contact lenses and by paying processing charges to Lens.com.

51.    Lens.com knowingly and willingly accepted and enjoyed those benefits. Lens.com's retention of these benefits is inequitable and would be against good conscience

52.    As a direct and proximate cause of Lens.com's unjust enrichment, Plaintiff and the Class Members are entitled to restitution, attorneys' fees, costs and interest.

13

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, pray for a judgment against Defendant as follows:

a. For an order certifying the Class, appointing Plaintiff as Representative of the Class, and appointing the law firm representing Plaintiff as counsel for the Class;

b. For compensatory damages and/or restitution or refund of all funds acquired by Lens.com from Plaintiff and the Class Members as a result of the Company's unlawful, unfair, deceptive and unconscionable practices described herein in an amount to be proven at trial;

c. For compensatory damages caused by Lens.com's breach of contract with Plaintiff and the Class Members to the extent permitted by law in an amount to be proven at trial;

d. Both pre-and post-judgment interest on any amounts awarded;

e. Payment of reasonable attorneys' fees and costs as allowed by law;

f. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

The Plaintiff requests a trial by jury on all claims.

On behalf of the Plaintiff and the
Putative Class,

*/s/ Carlin J. Phillips*

Carlin Phillips, BBO# 561916
Andrew J. Garcia, BBO# 559084
PHILLIPS & GARCIA, P.C.
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (fax)
cphillips@phillipsgarcia.com

# CERTIFICATE OF SERVICE

Plaintiff's counsel, Carlin J. Phillips, hereby certifies that a copy of this document was served via email on April 4, 2024, to all counsel of record:

Jed H. Hansen
Thorpe North & Western, LLP
175 South Main Street, Suite 900
Salt Lake City, Utah 84111
801-566-6633
hansen@tnw.com

/s/ Carlin J. Phillips
Carlin J. Phillips, BBO# 561916
Andrew J. Garcia, BBO# 559084
**PHILLIPS & GARCIA, P.C.**
13 Ventura Drive, Dartmouth, MA 02747
Tel. (508) 998-0800; Fax (508) 998-0919
cphillips@phillipsgarcia.com

I HEREBY ATTEST AND CERTIFY ON
4/29/24 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
ASSISTANT CLERK

3

Date Filed 2/23/2024 6:17 PM  Case 2:24-cv-01151-JAD-NJK    Document 5    Filed 04/29/24    Page 20 of 141
Superior Court - Suffolk
Docket Number

2

| CIVIL ACTION COVER SHEET | DOCKET NO(S) **B.L.S.** | Trial Court Of Massachusetts Superior Court Department County: **SUFFOLK** |
|---|---|---|
| PLAINTIFF(S) <br> Angela Gonneville, indiv. and on behalf of all others similarly situated, | | DEFENDANT(S) <br> Lens.com, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Board of Bar Overseers number <br> Carlin J. Phillips, BBO 561916, PHILLIPS & GARCIA, P.C.,13 Ventura Drive, Dartmouth, MA 02747; 508-998-0800; cphillips@phillipsgarcia.com | | ATTORNEY (if known) |

Origin Code Original Complaint
**BK1**

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) CODE NO. TYPE OF ACTION (specify) TRACK IS THIS A JURY CASE? *
(B) ☑Yes ☐No

kg

# BKI   Consumer Class Action

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

This is a consumer class action case involving undisclosed junk fees that Lens.com, an online company that sells contact lenses at what it claims are the lowest prices, charges as part of online contact lens orders. More particularly, Lens.com adds an undisclosed and non-itemized processing fee to online transactions which, in the plaintiff's case, varied from $55.97 to $22.57 to $5.21. Despite numerous complaints from the Plaintiff and other consumers about undisclosed fees, Lens.com continued to charge consumers these fees in online transactions. Per the FTC, junk fees inflate costs to consumers while adding little to no value and are often imposed on captive consumers by using tricks to hide or mask the fees, thereby inflating the purchase price and frustrating a consumer's ability to comparison shop based on price. The nature, complexity, uniformity and scope of the issue surrounding the defendant's alleged use of undisclosed fees in its online transaction process warrants acceptance in this court.

* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods." Signature of Attorney of Record

DATE: 2/22/24

Sue E Counselee
ASSISTANT CLERK

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: _____

Case: _____


As you may know, the Business Litigation Session began implementing a Discovery Project in January, 2010. This project is available on a voluntary basis for all new cases accepted into the BLS and for cases which have not previously had an initial case management conference. Counsel should be prepared to discuss the project with the Court at the initial case management conference. For a detailed copy of the BLS Discovery Project, counsel are directed to the Trial Court home page at: www.mass.gov/superior-court-business-litigation-session)

If a party is willing to participate in the project, that party's counsel should so indicate below and return this form to the appropriate session clerk.


____ (Check) **Yes,** _____ is willing to participate in the Discovery Project.
(Party's Name)

Case Name _____ _____

Docket Number CIVIL DOCKET#: _____


Counsel For_____        Date_____

Firm Name and Address:

_____

_____

_____


Please complete this form and return it to:

Assistant Clerk - BLS1        **OR**        Assistant Clerk - BLS2
BLS1, Room 1309                              BLS2, Room 1017
3 Pemberton Square                           3 Pemberton Square
Boston, MA 02108                             Boston, MA 02108

- 2 -

3

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: **2484CV00531-BLS2**

Notice Sent
2/26/24
5-12

Case:    Gonneville v. Lens.com, Inc.

## NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to **BLS2**.

Hereafter, as shown above, all parties must include the initials "**BLS2**" at the end of the docket number on all filings.

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process within the time limitation of Mass. R. Civ. P. 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to the appropriate BLS Session Clerk at Suffolk Superior Court, Three Pemberton Square, Boston, MA 02108.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel. Before the Rule 16 Conference, counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Project on Discovery (counsel are directed to www.mass.gov/superior-court-business-litigation-session for description of the Project). Counsel may indicate their respective client's participation by completing, filing, and serving the attached form. If by the date of the initial Rule 16 Conference, not all parties have given notice of their participation, counsel shall be prepared to discuss at that conference whether their clients will participate in the Project.

The Court requests that plaintiff's counsel serve on opposing parties a copy of this notice and the attached form.

Dated: February 26, 2024

I HEREBY ATTEST AND CERTIFY ON
4/29/24 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: CMM C Caundee
ASSISTANT CLERK

/s/ Kenneth W. Salinger

Kenneth W. Salinger
Justice of the Superior Court &
Administrative Justice of the Business Litigation Session

Date Filed 4/2/2024 3:52 PM
Superior Court - Suffolk
Docket Number 2484CV00531

**4**

## AFFIDAVIT OF SERVICE

| Case:<br>2484CV00531-BLS2 | Court:<br>Suffolk Superior Civil Court | County:<br>, MA | Job:<br>10757417 (22544865) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Angela Gonneville | | Defendant / Respondent:<br>Lens.com, Inc. | |
| Received by:<br>One Legal, an InfoTrack Company | | For:<br>Phillips Garcia Law | |
| To be served upon:<br>Lens.com, Inc. | | | |

**Recipient Name:**     Karen Scott

**Recipient Address:**  Business: 4730 S Fort Apache Rd Suite 300, Las Vegas, NV 89147

**Manner of Service:**  Business Serve, Mar 28, 2024, 8:59 am PDT

**Documents:**          Summons, Class Action Complaint, Civil Action Cover Sheet, Notice of Acceptance into Business Litigation Session
(BLS2), Demand Pursuant to Massachusetts General Law Chapter 93A Section 9

**Diligence / Comments:**

1) Successful Attempt: Mar 28, 2024, 8:59 am PDT at Business: 4730 S Fort Apache Rd Suite 300, Las Vegas, NV 89147 received by Karen Scott.
Age: 55-60; Ethnicity: African American; Gender: Female; Weight: 150; Height: 5'4"; Hair: Black; Eyes: Black; Other: Served registered agent
authorized except Documents, Karen Scott;

**Statement(s):**

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

_(signature)_ _____     03/29/2024
                                         **Date**

Reggie Mitchell
Registration: R-2019-12597

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA  94954
800-938-8815

I HEREBY ATTEST AND CERTIFY ON
__4/29/24_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _(signature)_____
            ASSISTANT CLERK

ML

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
BUSINESS LITIGATION SESSION

ANGELA GONNEVILLE, individually )
and on behalf of all others similarly situated, )

C.A. NO. 2484CV00531-BLS2

    Plaintiff,            )

v.                              )

LENS.COM, INC.,          )

    Defendant.       )

_____)

## ASSENTED TO MOTION FOR EXTENSION OF TIME
## TO RESPOND TO THE COMPLAINT

Plaintiff Angela Gonneville ("Plaintiff" or "Gonneville"), pursuant to Massachusetts Rule

of Civil Procedure 6(b), hereby files this Stipulated Motion for Extension of Time to Respond to

the above-captioned Class Action Complaint and, in support, states:

1. Plaintiff filed the Class Action Complaint on February 23, 2024.

2. Defendant was served with the Complaint on March 28, 2024, making its response due

on April 17, 2024.

3. The Parties have agreed to extend the deadline for Defendant to respond to the Complaint

to May 17, 2024.

4. This agreed request for an extension of time is made in good faith and not for purposes of

delay. Given the early stage of this case, no party will be prejudiced by the request.

WHEREFORE, the Parties respectfully request that the Court enter an Order extending

1

the deadline for Defendant to respond to Plaintiff's Complaint to May 17, 2024.

DATED: April 3, 2024.

**RESPECTFULLY SUBMITTED**

On behalf of the Plaintiff,

*/s/ Carlin J. Phillips*
Carlin J. Phillips, BBO# 561916
Andrew J. Garcia, BBO# 559084
**PHILLIPS & GARCIA, P.C.**
13 Ventura Drive, Dartmouth, MA 02747
Tel. (508) 998-0800; Fax (508) 998-0919
cphillips@phillipsgarcia.com

On behalf of the Defendant,

*/s/ Jed H. Hansen*
Jed H. Hansen
Thorpe North & Western, LLP
175 South Main Street, Suite 900
Salt Lake City, Utah 84111
801-566-6633
hansen@tnw.com

I HEREBY ATTEST AND CERTIFY ON
4/29/24 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:
ASSISTANT CLERK

2

## CERTIFICATE OF SERVICE

I certify that on April 25, 2024, I served this document by first-class mail, postage prepaid, and email on:

Carlin Phillips
cphillips@phillipsgarcia.com
Andrew J. Garcia
agarcia@phillipsgarcia.com
Phillips & Garcia, P.C.
13 Ventura Drive
North Dartmouth, MA 02747

*/s/ Theodore J. Folkman*

ML

# COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.

Superior Court Department
of the Trial Court

ANGELA GONNEVILLE, individually
and on behalf of all others similarly
situated,

Civ. A. No. 2484CV00531-BLS2

        Plaintiff,

v.

LENS.COM, INC.,

        Defendant.

## NOTICE OF FILING OF NOTICE OF REMOVAL

Please take notice that the defendant, Lens.com, Inc., has removed this case to the United States District Court for the District of Massachusetts ("the District Court"). A copy of the Notice of Removal, which has been filed with the District Court, is attached to this Notice as Exhibit 1. Pursuant to 28 U.S.C. § 1446(d), this Court shall proceed no further unless and until the case is remanded.

I HEREBY ATTEST AND CERTIFY ON
_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
ASSISTANT CLERK

Respectfully submitted,

LENS.COM, INC.

By its attorney:

/s/ Theodore J. Folkman

Theodore J. Folkman (BBO No. 647642)
RUBIN AND RUDMAN LLP
53 State St.
Boston, Mass. 02109
(617) 330-7135
tfolkman@rubinrudman.com

Dated: April 25, 2024

3820973_1

1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANGELA GONNEVILLE, individually
and on behalf of all others similarly
situated,

        Plaintiff,

Civ. A. No.

v.

LENS.COM, INC.,

        Defendant.

## DEFENDANT LENS.COM, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant Lens.com, Inc.

("Lens.com") hereby gives notice of the removal of the action captioned as *Angela Gonneville v.*

*Lens.com, Inc.*, Docket No. 2484CV00531-BLS2, filed in the Suffolk Superior Court (the "State

Action"), to the United States District Court for the District of Massachusetts.  The ground for

removal is diversity of citizenship.  In further support, Lens.com states as follows:

### PROCEEDINGS IN STATE COURT

1.      On February 23, 2024, Plaintiff Angela Gonneville filed the removed case, *Angela*

*Gonneville v. Lens.com, Inc.*, Case No. 2484CV00531-BLS2, in the Suffolk Superior Court.  A

true and correct copy of the Class Action Complaint ("Complaint") is attached as **Exhibit A**.  A

true and correct copy of the Summons that issued is attached as **Exhibit B**.

2.      Plaintiff served Lens.com on March 28, 2024, as reflected in the Affidavit of

Service, attached as **Exhibit C**.

1

Date Filed 4/25/2024 12:15 PM
Superior Court - Suffolk
Docket Number 2484CV00531

Case 2:24-cv-01151-JAD-NJK   Document 5   Filed 04/29/24   Page 30 of 141
Case 1:24-cv-11110   Document 1   Filed 04/25/24   Page 2 of 9

3.      A true and correct copy of the complete record in this action in Suffolk Superior Court is attached as **Exhibit D**.

4.      Exhibits A–D constitute all the process, pleadings, and orders that are available from the public state court record in connection with Case No. 2484CV00531-BLS2, in the Suffolk Superior Court, as of the date of the filing of this Notice of Removal.

## NATURE OF THE REMOVED ACTION

5.      Plaintiff alleges that she "is an individual who resides in Massachusetts." Compl., ¶ 3. On information and belief, she is domiciled in Massachusetts.

6.      Plaintiff alleges that Lens.com "is a Nevada corporation with its principal place of business in the State of Missouri." *Id.*, ¶ 4. In fact, Lens.com is a corporation organized and existing under the laws of the State of Nevada with its principal place of business in Nevada.

7.      Plaintiff alleges that "Lens.com packs a junk fee into its transactions which it describes after the point of purchase as a 'processing fee.'" *Id.*, ¶¶ 13–17.

8.      Plaintiff alleges that she was personally harmed in August 2019, when she purchased three boxes contact lenses for a total price of $82.50. *Id.*, ¶ 20. According to Plaintiff, she paid an undisclosed processing charge of $5.21. *Id.*

9.      Plaintiff alleges that she was harmed again in May 2020, when she purchased another three boxes of contact lenses for a total price of $164.05. *Id.*, ¶ 21. According to Plaintiff, she paid an undisclosed processing charge of $22.57. *Id.*

10.     Plaintiff alleges that she was harmed a third time in April 2021, when she purchased another three boxes of contact lenses for a total price of $111.97. *Id.*, ¶ 22. According to to Plaintiff, she paid an undisclosed processing charge of $55.97. *Id.*

Date Filed 4/25/2024 12:15 PM
Superior Court - Suffolk
Docket Number 2484CV00531
Case 2:24-cv-01151-JAD-NJK   Document 5   Filed 04/29/24   Page 31 of 141
Case 1:24-cv-11110   Document 1   Filed 04/25/24   Page 3 of 9

11.     Plaintiff seeks to represent a putative class of Massachusetts consumers. Plaintiff defines her putative class as follows:

> All consumers who purchased contact lenses in Massachusetts and were charged a processing or handling fee with the contact lens order in the six years preceding the filing of this Complaint. *Id.*, ¶ 24.

12.     Plaintiff, on behalf of herself and the putative class, brings claims against Lens.com for Breach of Contract (Count I), Breach of the Duty of Good Faith and Fair Dealing (Count II), and Unjust Enrichment (Count III). *Id.*, ¶¶ 33–52.

13.     Plaintiff seeks class-wide damages, including "compensatory damages and/or or restitution or refund of all funds acquired by Lens.com ... as a result of [Lens.com's] unlawful, unfair, deceptive and unconscionable practices;" and "compensatory damages caused by Lens.com's breach of contract." *Id.* at 14. Plaintiff further seeks pre- and post-judgment interests, costs, and attorneys' fees. *Id.*

14.     Plaintiff also sent Lens.com a demand letter dated March 26, 2024 ("Demand Letter") "pursuant to Massachusetts General Laws Chapter 93A Section 9," attached as **Exhibit E**. In the Demand Letter, Plaintiff accuses Lens.com of "charging hidden and inflated junk fees in online purchases of contact lenses" and states that Lens.com has "thirty days after receipt of this letter to make a reasonable written tender of settlement or be exposed to potential treble damages and attorney's fees and costs." *Id.* Plaintiff further demands that Lens.com "identify all Massachusetts consumers for the last six years who were charged a processing and/or handling fee, the date of the fee(s) and the amounts(s)" and that Lens.com "agree to reimburse all identified Massachusetts consumers three times the amount of all processing and/or handling fees paid." *Id.*

3829217_1

3

Date Filed 4/25/2024 12:18 PM
Superior Court - Suffolk
Docket Number 2484CV00531

Case 2:24-cv-01151-JAD-NJK    Document 5    Filed 04/29/24    Page 32 of 141
Case 1:24-cv-11110    Document 1    Filed 04/25/24    Page 4 of 9

15.    In accordance with the Demand Letter, Plaintiff intends to amend the Complaint to include a claim under G.L. c. 93A, § 9 and will seek "three times the amount of all processing and/or handling fees paid," as well as attorney's fees.

## REMOVAL TO THIS DISTRICT IS PROPER

16.    The State Action can be properly removed this Court under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district embracing Suffolk County, the location where the State Action was pending.

17.    However, Lens.com will not ultimately consent to venue in the United States District Court for the District of Massachusetts, because an operative forum-selection clause requires the action be brought in Nevada. Thus, pursuant to 28 U.S.C. § 1404(a), Lens.com intends to move to transfer this action to the United States District Court for the District of Nevada, for two reasons. First, a nationwide class action was recently filed in Nevada and those claims overlap with the claims here. *See Franks v. Lens.com Inc.,* Case No. 2:24-cv-0724 (District of Nevada). Second, all parties to this action have consented to jurisdiction in Nevada in a forum-selection clause.

## REMOVAL IS TIMELY

18.    Plaintiff served Lens.com with a copy of the Complaint on March 28, 2024. *See* Ex. C, Affidavit of Service at 1.

19.    Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed on April 25, 2024, which is within 30 days of service of the Complaint.

4

## REMOVAL IS PROPER

20.    Removal is proper under the Class Action Fairness Act ("CAFA"), *see* 28 U.S.C.

§ 1332(d), because this matter is a class action with minimally diverse parties, there is an

aggregate amount in controversy in excess of $5,000,000, and the number of proposed class

members is more than 100.

21.    First, the parties are at least minimally diverse. Plaintiff, who seeks to represent

the class, is a citizen of Massachusetts. *See* Compl. ¶ 3 (alleging that Plaintiff is a resident of

Massachusetts). Lens.com is not a Massachusetts citizen—it is headquartered in Nevada and

incorporated under Nevada law. *See* Compl. ¶ 4; 28 U.S.C. § 1332(c)(1) ("[A] corporation shall

be deemed to be a citizen of every State and foreign state by which it has been incorporated and

of the State or foreign state where it has its principal place of business."). Because Plaintiff is a

citizen of Massachusetts and Lens.com is a citizen of Nevada, the parties are at least minimally

diverse. *See* 28 U.S.C. § 1332(d)(2) ("The district courts shall have original jurisdiction of any

civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive

of interest and costs, and is a class action in which [] any member of a class of plaintiffs is a

citizen of a State different from any defendant.").

22.    None of the CAFA exceptions to federal jurisdiction over a putative class action

apply because the "primary defendant[]" or the defendant "from whom significant relief is

sought"—Lens.com, the only named defendant in this action—is not a Massachusetts citizen. *See*

28 U.S.C. § 1332(d)(3)–(4).

23.    Second, the amount in controversy requirement is met. To satisfy the amount-in-

controversy requirement, a removing defendant needs to "include only a plausible allegation that

3829217_1

5

Date Filed 4/25/2024 12:18 PM
Superior Court - Suffolk
Docket Number 2484CV00531

Case 2:24-cv-01151-JAD-NJK   Document 5   Filed 04/29/24   Page 34 of 141
Case 1:24-cv-11110   Document 1   Filed 04/25/24   Page 6 of 9

the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount" is not required to be included with the notice of removal but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id*.

24. "A defendant can satisfy its burden to establish the amount in controversy by a reasonable probability by relying on the face of the complaint in the underlying case, by alleging facts in its notice of removal to support its amount in controversy allegation, or by submitting summary judgment type evidence." *Khath v. Midland Funding, LLC*, 2016 U.S. Dist. LEXIS 43493, at *13 (D. Mass. Jan. 7, 2016) (citing *Composite Co. v. Am. Int'l Grp., Inc.*, 988 F. Supp. 2d 61, 74 (D. Mass. 2013)).

25. To determine the amount in controversy, the Court first looks to whether plaintiff made specific damage allegations in the complaint. *See Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1, 6 (1st Cir. 1995). A court will determine the amount in controversy from the face of the complaint "'unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith.'" *Coventry Sewage*, 71 F.3d at 4 (quoting *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)). "'[W]hen a plaintiff makes a claim under a statute including a damage multiplier, a court must apply that factor in evaluating the amount in controversy.'" *Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 2013 WL 5405668, at *3 (D. Mass. 2013) (quoting *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 222 (D.N.H. 2004)). The amount in controversy includes statutorily authorized attorneys' fees and multipliers of damages, such as the treble damages provision in Chapter 93A. *See, e.g., Crandall v. Travelers Personal Sec. Ins. Co.*, 2024 U.S. Dist. LEXIS 12106, at *2 (D. Mass. Jan. 18, 2024); *Santos v.*

*Preferred Mut. Ins. Co.*, 21 F. Supp. 3d 111, 116 n.2 (D. Mass. 2014); *Williams v. Litton Loan Servicing*, 2011 U.S. Dist. LEXIS 90689, at *5 (D. Mass. Aug. 15, 2011).

26.     Here, Plaintiff seeks "compensatory damages and/or restitution or refund of all funds acquired by Lens.com from Plaintiff and the Class Members … in an amount to be proven at trial." Compl. at 14. While Lens.com disputes Plaintiff's class definition, Plaintiff alleges that the class members include "[a]ll consumers who purchased contact lenses in Massachusetts and were charged a processing or handling fee with the contact lens order in the six years preceding the filing of this Complaint." *Id.*, ¶ 24. From 2018 to 2023, Lens.com estimates that its total sales in Massachusetts were approximately $21,200,000. Thus, the "compensatory damages and/or restitution or refund of all funds acquired by Lens.com from Plaintiff and the Class Members" exceeds the $5 million threshold.

27.     Plaintiff also seeks "compensatory damages caused by Lens.com's breach of contract." *Id.* at 14.

28.     Plaintiff also seeks "pre- and post-judgment interest." Compl. at 14.

29.     Plaintiff also seeks "reasonable attorney' fees and costs." Compl. at 14. A court may consider potential attorney's fees as part of the amount-in-controversy calculation when "a statute mandates or allows the payment of such fees." *Dep't of Rec. & Sports of P.R. v. World Boxing Ass'n*, 942 F.2d 84, 89 (1st Cir. 1991).

30.     Taken as a whole, the demands of the Complaint thus plausibly exceed the $5 million threshold for federal jurisdiction under 28 U.S.C. § 1332(d).  *Dart*, 574 U.S. at 89.

31.     In addition to these restitution and damages claims, Plaintiff also served a Demand Letter with its complaint indicting that Plaintiff intends to amend the Complaint to include a claim

7

under G.L. c. 93A, § 9. While these causes of action are not yet part of the complaint, these

claims will also add to the damages claimed in this matter. The demand letter seeks "three times

the amount of all processing and/or handling fees paid." From 2018 to 2023, Lens.com estimates

that Massachusetts consumers paid approximately $3,500,000 in processing fees. Three times the

amount of all processing and or handling fees paid is approximately $10,500,000. This alone

would also satisfy the $5 million threshold.

32.    Third, because Lens.com is a well-established company that sells products to

consumers across the country, the number of proposed class members is greater than 100. For

example, based on the current class allegation in the complaint, Lens.com estimates that in 2023

alone, it sold products to over 7,000 customers in Massachusetts.

33.    Pursuant to 28 U.S.C. § 1446(d), Lens.com will serve written notice of removal of

this case on Plaintiff's counsel by first-class mail and email at the following addresses:

> Carlin Phillips
> cphillips@phillipsgarcia.com
> Andrew J. Garcia
> agarcia@phillipsgarcia.com
> Phillips & Garcia, P.C.
> 13 Ventura Drive
> North Dartmouth, MA 02747

34.    Pursuant to 28 U.S.C. 1446(d), Lens.com will promptly file a notice of filing of

notice of removal with the Clerk of the Suffolk Superior Court.

35.    The recitation of Plaintiff's allegation in this Notice of Removal is not a

concession that Plaintiff's allegations or legal theories have merit. Lens.com reserves the right to

assert all applicable defenses in this matter and denies that Plaintiff is entitled to any relief. By

removing this matter, Lens.com does not waive and reserves any rights it may have, including,

8

Case 2:24-cv-01151-JAD-NJK  Document 5  Filed 04/29/24  Page 37 of 141
Date Filed 4/25/2024 12:46 PM
Superior Court - Suffolk
Docket Number 2484CV00531

Case 1:24-cv-11110  Document 1  Filed 04/25/24  Page 9 of 9

without limitation, all available arguments and affirmative defenses. Lens.com does not concede that Plaintiff is entitled to any recovery whatsoever.

## CONCLUSION

36.     Pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1446, Lens.com hereby removes the above-captioned action from the Suffolk Superior Court to the U.S. District Court for the District of Massachusetts.


Respectfully submitted,

LENS.COM, INC.

By its attorneys:

*/s/ Theodore J. Folkman*

Theodore J. Folkman (BBO No. 647642)
RUBIN AND RUDMAN LLP
53 State St.
Boston, Mass. 02109
(617) 330-7135
tfolkman@rubinrudman.com

Mark Bettilyon (pro hac vice forthcoming)
Jed Hansen (pro hac vice forthcoming)
THORPE NORTH & WESTERN, LLP
The Walker Center
175 S. Main Street, Suite 900
Salt Lake City, Utah 84111
(801) 566-6633
mark.bettilyon@tnw.com

Dated: April 25, 2024

Date Filed 4/25/2024 02:15 MM  Case 2:24-cv-01151-JAD-NJK    Document 5    Filed 04/29/24    Page 38 of 141
Superior Court - Suffolk
Docket Number 2484CV00531    Case 1:24-cv-11110    Document 1-1    Filed 04/25/24    Page 1 of 14

1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
BUSINESS LITIGATION SESSION

| | |
|---|---|
| ANGELA GONNEVILLE, individually and on behalf of all others similarly situated | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff | |
| v. | |
| LENS.COM, INC. | |
| Defendant | |

CIVIL ACTION NO.

kg

## CLASS ACTION COMPLAINT

Plaintiff, Angela Gonneville, individually and on behalf of all others similarly situated, brings this Class Action Complaint for damages for unfair and deceptive sales practices committed by Defendant, Lens.com, Inc.

## INTRODUCTION

1.   This is a consumer class action case involving an undisclosed junk fee that Lens.com charges as part of online contact lens orders. More particularly, Lens.com adds an undisclosed and non-itemized "processing charge" to contact lens orders after customers have already filled out the details of their contact lens orders. Lens.com has received numerous complaints regarding this undisclosed charge.

2.   Plaintiff seeks to represent a class of consumers in Massachusetts who have paid an undisclosed processing or handling charge on their contact lens order. Given the amount of the

fees at issue and given the number of potential consumers impacted, a class action is the most judicially efficient manner of adjudicating this dispute.

## PARTIES, JURISDICTION AND VENUE

3.      Plaintiff, Angela Gonneville ("Plaintiff" or "Ms. Gonneville"), is an individual who resides in Massachusetts.

4.      Defendant, Lens.com, Inc. ("Lens.com" or "Defendant"), is a Nevada corporation with its principal place of business in the State of Missouri.

5.      The Court has original jurisdiction over the civil claims alleged in Plaintiff's Complaint pursuant to M.G.L. ch. 212 § 4.

6.      This Court has personal jurisdiction over Lens.com pursuant to M.G.L. ch. 223 § 3 because Lens.com conducts significant business in Massachusetts, namely through the marketing, advertising, selling and delivery of contacts lens products in Massachusetts to consumers such as Plaintiff.

7.      Likewise, venue is proper here as the defendant markets, advertises, sells and delivers contacts lens products to Massachusetts consumers in this county.

## FACTUAL BACKGROUND

### The Business of Lens.com

8.      Lens.com is an online seller of contact lenses and claims that it provides consumers "the best way to buy contact lenses - better than your eye doctor, better than big box, better than other websites." Lens.com further claims that it offers the lowest prices of any contact lens seller online or in-store and that most orders ship within 24 hours.

9.      Lens.com markets its contact lenses as having "Year Round *Unbeatable* Prices." On its website it states that it has delivered over 691 million contact lenses. It further touts that,

"With over 35 Million contact lenses in stock, we immediately fill your order with your exact prescription."

10.    In a FAQ (frequently asked question) on its website entitled, "How much does shipping cost?", Lens.com states: "At Lens.com we don't bury the cost of shipping in every box we sell. We are completely transparent and let you decide what's best for you. We offer you reliable shipping at extremely competitive prices/rates. You will be able to select the best method for your personal needs at checkout." It then includes a chart of shipping costs within the United States, Canada and Internationally.  Nowhere under its description of shipping costs is there mention of a "processing" or "handling" fee of any kind.  A search of the words "Processing Fee" on Lens.com's website yields no information.

### The Proliferation of Junk Fees in Online Consumer Transactions

11.    Retailers, like Lens.com, are increasingly charging consumers "junk fees" in online transactions to increase profits.  "Junk Fees" are defined by the Federal Trade Commission as "unnecessary, unavoidable, or surprise charges that inflate costs while adding little to no value." The FTC notes that "[c]onsumers can get hit with junk fees at any stage of the purchase or payment process. Companies often harvest junk fees by imposing them on captive consumers or by deploying digital dark patterns and other tricks to hide or mask them." https://www.ftc.gov/news-events/news/press-releases/2022/10/federal-trade-commission-explores-rule-cracking-down-junk-fees.

12.    Common junk fees are convenience fees, processing fees, resort fees, service fees and overdraft fees.  The White House recently issued a junk fee guide for the states noting how junk fees have overrun the American economy and are "often not disclosed upfront and only revealed after a consumer has decided to buy something, obscure true prices and dilute the forces

Date Filed 4/25/2024 Superior Court 2:24-cv-01151-JAD-NJK    Document 5    Filed 04/29/24    Page 41 of 141
Superior Court - Suffolk
Docket Number 2484CV00531    Case 1:24-cv-11110    Document 1-1    Filed 04/25/24    Page 4 of 14

of market competition that are the bedrock of the U.S. economy."

https://www.whitehouse.gov/wp-content/uploads/2023/03/WH-Junk-Fees-Guide-for-States.pdf

### Lens.com's Sales Practices and Junk Fees

13. Lens.com's marketing materials state that "we don't bury the cost of shipping in every box we sell. We are completely transparent and let you decide what's best for you. We offer you reliable shipping at extremely competitive prices/rates. You will be able to select the best method for your personal needs at checkout."

14. Despite these claims, Lens.com packs a junk fee into its transactions which it describes after the point of purchase as a "processing fee." This processing fee is separate from its shipping fee, which in the Plaintiff's case was either free or $7.95.

15. Lens.com fails to disclose or itemize its processing fee during online transactions and inflates the total transaction price by the amount of the hidden processing fee at the end of the transaction when a consumer's credit card is being processed. These hidden fees add to the total product price but are not disclosed at any point in the cycle of the transaction, in marketing materials, frequently asked questions on Lens.com's website or in product pricing disclosures.

16. In some transactions, Lens.com never discloses the existence or amount of its processing fee. In other transactions the hidden fees are only disclosed on a packing slip provided to the consumer when the product is delivered. In those circumstances, the hidden fees are listed as "PROCESSING" or as "Shipping & Handling" fees.

17. The amount of the processing fee charged by Lens.com varies greatly and from transaction to transaction. The Plaintiff's processing fees were $55.97, $22.57 and $5.21.

18. Numerous online complaints made by Lens.com customers describe processing fees that are over $100. The below listed consumer complaints made to Complaints Board, an

4

Date Filed 4/25/2024 12:45 PM   Case 2:24-cv-01151-JAD-NJK   Document 5   Filed 04/29/24   Page 42 of 141
Superior Court - Suffolk
Docket Number 2484CV00531   Case 1:24-cv-11110   Document 1-1   Filed 04/25/24   Page 5 of 14

online consumer complaint center, describe Lens.com's surprise processing fee. Each consumer referenced below contacted the Defendant's customer service line to complain about the processing fee and, accordingly, these complaints constitute notice and knowledge to the Defendant of the unfair and deceptive nature of their processing and other fees. The online complaints state in relevant part:

### Processing Fees

Contact lenses were ordered for my child over the phone in February of 2021. The bill received did not break out the $103 processing fee for an order of $107 in contacts. The processing fee did not include shipping fees. This was discovered when trying to tally the order for reimbursement by the child's father months later and the lens cost did not add up to the total. When contacting the company the only adjustment offered was a $7.95 shipping credit. The price of contacts was severely misrepresented due to the arbitrary and, per customer service, ever changing "processing fees". (Chobbs 1411 of US; August 27, 2021)

### Lens.com review: Astronomical processing fee for contact lens order.

Customer since 2014... Last order placed 12/26/2020 and was charged processing fee of $110.38... I immediately contacted the company and was simply told "that was their processing fee"... I escalated the issue as I have never paid more than $35.96 for a processing fee (last order was 8/2020 and fee was $29.54)... Continued to reach out via email and was finally told on Jan 3rd that my complaint was escalated to leadership... I reached out again on Jan 11, 12 and now this morning and have never been contacted back... I am now in the process of disputing charge with the credit card company... I have included the processing fees paid so you can see for yourself the ridiculous amount charged this last order:

    4-2014 $18.16
    3-2015 $26.47
    8-2015 $26.11
    9-2016 $35.96
    9-2017 $25.51
    9-2018 $25.99
    12-2019 $27.51
    8-2020 $29.54
    12-2020 $110.38

I understand I owe for the contacts but I refuse to pay that amount for processing! (juhnklo of US; January 15, 2021)

5

Date Filed 4/25/2024 02:45 PM  Case 1:24-cv-01151-JAD-NJK   Document 5   Filed 04/29/24   Page 43 of 141
Superior Court - Suffolk
Docket Number 2484CV00531    Case 1:24-cv-11110   Document 1-1   Filed 04/25/24   Page 6 of 14

### Extraordinarily high processing fee.

On July 7, 2023, I submitted an order and paid $220 for 4 boxes of contacts. A bargain so I thought, because I would also get a $75 rebate. Again, so I thought. Imagine my surprise when I see I was charged $330 for my order due to a huge $120 processing fee. Apparently the 'submit order' button appears before the processing fee (which requires you to scroll down past the submit order so you don't see the additional fee.) It doesn't appear on the consumers invoice on their site, but somehow when you questions it, the Customer service people are able to produce an invoice showing the fee. They claim it is automatically added 'by the system' and they cannot refund any portion of it. The processing fee was more than 50% of my total purchase and in reading the complaints about them, they take so long to issue the $75 rebate that the expiration date is so close or past, rendering it useless as it is a visa gift card. These complaints date back to 2014 and nothing has changed. Below is the invoice AFTER the order was submitted. (K. Lennon, Rochdale, MA; July 18, 2023)

### Lens.com added 85% to my order in "tax & fees"

☺I intended to purchase 4 boxes of contact lenses at $31.74 per box. They advertised $9.24 per box if I ordered 8 boxes, which would have been $73.92, instead of $253. 92. When I clicked "checkout" the total was$485.79! They added $213.92 in "tax & fees", which is an additional 85%.

I clicked the "chat 24/7" line and the rep did everything possible to avoid explaining what "fees" were, since tax would be no more than $22 in any state. I had to ask SIX TIMES, but he finally was forced to admit that "fees" were: "This includes calling your doctor on your behalf, doctor's fees since we need to verify your prescription, and handling and processing your order. If the customer has a valid prescription, there is no need to call the doctor. Tax would have been $20 so the "rebate" which was applied to the order, tax and their undisclosed "fees" added 85% to the cost of the order. I told them that was fraud and they lost my business. (Gail Reznik of US; March 26, 2023)

### Hidden taxes and fees

When I went to re-order my contacts at Lens.com I noticed advertised pricing and total cost didn't add up. I went to order my 8 boxes so I would get the $160 RB. Listed at $42.79 per box before RB (22.79 after RB) times the required 8 boxes = 342.32 ($182.32 after RB)plus $9.95 Shipping. This should make for a grand total of $352.27( before RB). At check out total came up as $566.19! Call Lens.com, spoke with a rep. I was told to go back to the shipping page, there they show a "Taxes & fees" of 213.92! Contacts are NOT taxable! They are a rip off company with miss leading and Illegal sales tactics. I've used them several times in the past and had not been charged these taxes & fees, I will no longer purchase from them and will

6

tell others of my bad experience. (Sharon McD of Levittown, US; March 1,
2023.

**Lens.com review: Deceptive fees and rebate hurdles**
Customer since 2014, but noticed a huge disparity in cost when initiating
my most recent order. Without a rebate, they show $72.24 per 90-lens box
of 1-day lenses. Buy 8 boxes and the price (after rebate) is shown as $35.99
and rebate as $290. Great. The next screen in the checkout asks you to
confirm where you want the boxes sent with a 'continue' button below it.
When you accidentally scroll below that, you see a blowout of the order,
with a whopping $241.92 in taxes and fees that "are compensation for
servicing your order". That's the only place they show the added taxes/fees.
If you click 'continue' and approve where to send the boxes, you miss that,
because the final checkout screen never shows that added charge in its
summary of your order. ... This is deceptive. (eyecu of Seattle, US; January
12, 2023)

**Ridiculous fee added without my knowledge**
I just learned that they added a $50 fee for for processing on an $80 order.
And the customer rep could not explain what the processing fee was for.
What a ripoff! (thomassu of Centerville, US; December 5, 2022)

19.     These consumer complaints describe in detail the repeated notice that Lens.com has

received from consumers about its hidden processing fees and demonstrate its continued use of

unfair and deceptive acts and practices to create revenue from junk fees.

**Plaintiff's Transactions**

20.     Plaintiff's transactions with Lens.com highlight the deceptive nature of Lens.com's

business practices. In August 2019, Plaintiff ordered three boxes of contact lenses for a total price

of $77.29 with free shipping. The subtotal that was charged to Plaintiff, however, was $82.50,

which included a $5.21 undisclosed processing charge. The "processing fee" was only disclosed

on the packing form delivered with the contact lenses.

21.     Likewise, in May 2020, Plaintiff ordered three boxes of contact lenses for a total

price of $141.48 with free shipping. The subtotal that was charged to Plaintiff, however, was

Date Filed 4/29/2024 12:18 PM   Case 2:24-cv-01151-JAD-NJK   Document 5   Filed 04/29/24   Page 45 of 141
Superior Court - Suffolk
Docket Number 2484CV00531   Case 1:24-cv-11110   Document 1-1   Filed 04/25/24   Page 8 of 14

$164.05, which thus included a $22.57 undisclosed processing charge. The packing form received when the contact lenses were delivered indicated a charge of $30.52 for "shipping & Handling."

22.     Similarly, in April 2021, Plaintiff ordered three boxes of contact lenses with a total price of $55.97 and free shipping. However, the subtotal charged to Plaintiff was $111.97 and thus included an undisclosed processing charge of $55.97. The one-page packing form received when the contact lenses were delivered did not itemize the transaction charges or disclose the amount of the processing fee.

23.     Plaintiff ultimately complained to Lens.com about the processing charges and was told that the processing fee used to be disclosed on the website but had been removed, there had been recent changes to the website but the fee was still not disclosed, the failure to disclose the processing fee has been reported to IT by several other agents and that Lens.com was trying to get that back up on the website.

## CLASS ACTION ALLEGATIONS

24.     Pursuant to Massachusetts Rule of Civil Procedure 23, Plaintiff brings this class action individually and on behalf of the following proposed class of persons, initially defined as: All consumers who purchased contact lenses in Massachusetts and were charged a processing or handling fee with their contact lens order in the six years preceding the filing of this Complaint. (hereinafter the "Class").

The Class does not include Defendant; any affiliate, parent or subsidiary of Defendant; any entity in which Defendant has a controlling interest; any officer, director or employee of Defendant; any successor or assign of Defendant; Plaintiff's counsel or anyone employed by Plaintiff's counsel in this action and their immediate families; any judge to whom this case is assigned and any member

8

Date Filed 4/25/2024 4:27:16 PM Case 2:24-cv-01151-JAD-NJK   Document 5   Filed 04/29/24   Page 46 of 141
Superior Court - Suffolk
Docket Number 2484CV00531   Case 1:24-cv-11110   Document 1-1   Filed 04/25/24   Page 9 of 14

of his/her immediate family and staff; governmental entities; or individuals who have personal injury claims as a result of conduct and/or defects alleged herein.

25.     Plaintiff reserves the right to amend or supplement the Class descriptions with greater specificity or further division into subclasses or limitation to certain issues, after conducting discovery in this matter. Plaintiff also reserves the right to amend or supplement the proposed Class after conducting discovery in this matter.

## Rule 23 Class Certification Requirements

26.     **Numerosity of the Class –** The members of the Class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believe that Lens.com processed tens or hundreds of thousands of contact lens orders and included an undisclosed processing fee with those orders. Adjudication of the claims in a class action context will provide substantial benefits to the parties and the Court.

27.     **Commonality and Predominance –** Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members, as is required by Mass. R. Civ. P. 23(a)(2) and (b)(3). These common questions include, but are not limited to:

   a) whether Lens.com engaged in the conduct alleged herein;

   b) whether Defendant failed to adequately disclose a processing and/or handling fee prior to the completion of an online order for contact lenses;

   c) whether Defendant's undisclosed processing and/or handling fee inflated the product price;

   d) whether Defendant's processing and/or handling fees exceeded actual costs and constituted a hidden profit for Defendant;

   e) whether Plaintiff and Class Members suffered out-of-pocket losses as a result of Defendant's actions and/or inactions alleged herein, and if so, how much;

9

Date Filed 4/25/2024 02:15 PM Case 2:24-cv-01151-JAD-NJK Document 5 Filed 04/29/24 Page 47 of 141
Superior Court - Suffolk
Docket Number 2484CV00531 Case 1:24-cv-11110 Document 1-1 Filed 04/25/24 Page 10 of 14

f) whether Plaintiff and Class Members will suffer out-of-pocket losses as a result of Defendant's alleged actions and/or inactions alleged herein, and if so, how much.

28. **Typicality** – The claims of the representative Plaintiff are typical of the claims of each member of the Class, thus satisfying Mass. R. Civ. P. 23(a)(3). Plaintiff, like all other members of the Class, have sustained damages arising from Lens.com's violations of the laws, as alleged herein. The representative Plaintiff and the members of the Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic, and pervasive pattern of misconduct engaged in by Lens.com. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of all other members of the Class.

29. **Adequacy** – The representative Plaintiff will fairly and adequately represent and protect the interests of the Class Members and have retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation, thus satisfying Mass. R. Civ. P. 23(a)(4). There are no material conflicts between the claims of the representative Plaintiff and the members of the Class that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class members.

30. **Declaratory or Injunctive Relief** – Lens.com has acted and refused to act on grounds generally applicable to Plaintiff and Members of the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate regarding the Class as a whole. Mass. R. Civ. P. 23(b)(2).

31. **Superiority** – This suit may be maintained as a class action under Mass. R. Civ. P. 23(b)(3), because a class action is superior to any other available means for the fair and efficient adjudication of this dispute and no unusual difficulties are likely to be encountered in its management of this class action. The damages suffered by individual class members are small in comparison to the burden and expense of individually litigating each claim and based on the

10

Date Filed 4/25/2024 02:13 PM  Case 2:24-cv-01151-JAD-NJK  Document 5  Filed 04/29/24  Page 48 of 141
Superior Court - Suffolk
Docket Number 2484CV00531  Case 1:24-cv-11110  Document 1-1  Filed 04/25/24  Page 11 of 14

complex and extensive litigation needed to address Spirit's conduct. Further, it would be virtually impossible for the Class Members to individually redress effectively the wrongs done to them. Even if Class Members themselves could afford such individual litigation, the court system could not. In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from complex legal and factual issues of the case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

32.  **Ascertainability:** Upon information and belief, the precise number of Class Members may be ascertained from Lens.com's records. Plaintiff contemplates the eventual issuance of notice to the proposed Class members setting forth the nature of the instant action. Upon information and belief, Class members may be notified of this action by recognized, Court approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, social media, and published notices, in addition to Lens.com's own business records.

## COUNT I
## BREACH OF CONTRACT

33.  Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 as though fully stated herein.

34.  Plaintiff's and other Class members' purchase of contact lenses constituted a contract between them and Lens.com, namely through the terms and conditions on the Lens.com

11

Date Filed 4/25/2024 02:18 PM
Superior Court - Suffolk
Docket Number 2484CV00531

Case 2:24-cv-01151-JAD-NJK   Document 5   Filed 04/29/24   Page 49 of 141
Case 1:24-cv-11110   Document 1-1   Filed 04/25/24   Page 12 of 14

site. The terms and conditions do not mention a processing charge for online orders of contact lenses.

35.    Plaintiff and the Class Members performed all requirements under their agreements with Lens.com, namely the payment of the amount charged by Lens.com for the order.

36.    Lens.com breached its agreement with Plaintiff and the Class Members when it charged a hidden processing fee in connection with the contact lens orders.

37.    Plaintiff and members of the Class have suffered an injury through the payment of the processing fee.

38.    Plaintiff and Class members are therefore entitled to all incidental, consequential, and indirect damages resulting from Lens.com's breach of contract. Lens.com's breach caused damages to Plaintiff and the Class Members.

39.    Plaintiff and the Class Members seek to recover all permitted damages and their attorneys' fees caused by Defendant's breach.

## COUNT II
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

40.    Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 as though fully stated herein.

41.    The Defendant had an obligation to exercise of duty of good faith and fair dealing when transacting business with Plaintiff and the Class.

42.    The Plaintiff and the Class made purchases at Lens.com's online website. Lens.com advertised, disclosed and charged a specific price for each contact lens purchase. It claimed that it had the lowest contact lens prices.

Date Filed 2/29/2024 02:15 PM   Case 2:24-cv-01151-JAD-NJK   Document 5   Filed 04/29/24   Page 50 of 141
Superior Court - Suffolk
Docket Number 2484CV00531   Case 1:24-cv-11110   Document 1-1   Filed 04/25/24   Page 13 of 14

43.     However, the Defendant, as matter a pattern and practice, assessed hidden junk fees

to consumer's transaction which it labeled as processing and/or handling fees. These fees were

not described on the Defendant's website or as part of the sale.

44.     In addition, these junk fees varied from transaction to transaction.

45.     The junk fees were charged to Plaintiff's credit and debit cards, thereby driving up

the actual costs of their contact lens purchases.

46.     Lens.com used these hidden fees, which do not purport to approximate actual

expenses incurred, as a hidden profit center. Not including these hidden fees in the product price

allowed Lens.com to falsely claim that it had the lowest prices.

47.     Lens.com's pattern and practice of charging its consumers hidden junk fees in its

transactions constituted a breach of the duty of good faith and fair dealing it owed to consumers

as part of the transactions.

48.     As a direct and proximate result of the Defendant's acts and/or omissions, the

Plaintiff and the Class suffered damages.

## COUNT III
## UNJUST ENRICHMENT

49.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained

in paragraphs 1 through 23 as though fully stated herein.

50.     Plaintiff and the Class Members conferred substantial benefits on Lens.com by

purchasing contact lenses and by paying processing charges to Lens.com.

51.     Lens.com knowingly and willingly accepted and enjoyed those benefits.

Lens.com's retention of these benefits is inequitable and would be against good conscience

52.     As a direct and proximate cause of Lens.com's unjust enrichment, Plaintiff and the

Class Members are entitled to restitution, attorneys' fees, costs and interest.

13

Date Filed 8/29/2024 12:15 PM Case 2:24-cv-01151-JAD-NJK   Document 5   Filed 04/29/24   Page 51 of 141
Superior Court - Suffolk
Docket Number 2484CV00531   Case 1:24-cv-11110   Document 1-1   Filed 04/25/24   Page 14 of 14

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, pray

for a judgment against Defendant as follows:

a. For an order certifying the Class, appointing Plaintiff as Representative of the Class,

and appointing the law firm representing Plaintiff as counsel for the Class;

b. For compensatory damages and/or restitution or refund of all funds acquired by

Lens.com from Plaintiff and the Class Members as a result of the Company's unlawful, unfair,

deceptive and unconscionable practices described herein in an amount to be proven at trial;

c. For compensatory damages caused by Lens.com's breach of contract with Plaintiff and

the Class Members to the extent permitted by law in an amount to be proven at trial;

d. Both pre-and post-judgment interest on any amounts awarded;

e. Payment of reasonable attorneys' fees and costs as allowed by law;

f. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

The Plaintiff requests a trial by jury on all claims.

On behalf of the Plaintiff and the
Putative Class,

*/s/ Carlin J. Phillips*

Carlin Phillips, BBO# 561916
Andrew J. Garcia, BBO# 559084
PHILLIPS & GARCIA, P.C.
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (fax)
cphillips@phillipsgarcia.com

Date Filed 4/25/2024 Case 2:24-cv-01151-JAD-NJK    Document 5    Filed 04/29/24    Page 52 of 141
Superior Court - Suffolk
Docket Number 2484CV00531    Case 1:24-cv-11110   Document 1-2   Filed 04/25/24   Page 1 of 2

| **Summons** | CIVIL DOCKET NO.<br><br>2484CV00531–BLS2 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br><br>Angela Gonneville, individually and on behalf of all<br>others similarly situated,<br><br>VS.<br><br>Lens.com, Inc. | | John E. Powers III | Acting<br>Clerk of Courts |
|---|---|---|---|

CASE NAME:

Angela Gonneville, individually and on behalf of all
   others similarly situated,

                                      Plaintiff(s)
                        VS.

Lens.com, Inc.



                                      Defendant(s)

John E. Powers III

Suffolk                                      County

Acting
Clerk of Courts

COURT NAME & ADDRESS:
Suffolk Superior Civil Court
Three Pemberton Square
Boston, MA. 02108

THIS SUMMONS IS DIRECTED TO ___Lens.com, Inc.___ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the Suffolk County Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk County Superior Court Business Litigation Session #2, Room 1017, 3 Pemberton Sq., Boston, MA 02108   (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

   b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:
   Carlin J. Phillips, Esq., Phillips & Garcia, P.C.
   13 Ventura Drive, Dartmouth, MA  02747

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti _____, Chief Justice on _____ , 20 ____ . (Seal)

Acting Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____          Signature: _____

**N.B.  TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date: _____

## AFFIDAVIT OF SERVICE

| Case: 2484CV00531-BLS2 | Court: Suffolk Superior Civil Court | County: , MA | Job: 10757417 (22544865) |
|---|---|---|---|
| **Plaintiff / Petitioner:** Angela Gonneville | | **Defendant / Respondent:** Lens.com, Inc. | |
| **Received by:** One Legal, an InfoTrack Company | | **For:** Phillips Garcia Law | |
| **To be served upon:** Lens.com, Inc. | | | |

**Recipient Name:**   Karen Scott

**Recipient Address:**   Business: 4730 S Fort Apache Rd Suite 300, Las Vegas, NV 89147

**Manner of Service:**   Business Serve, Mar 28, 2024, 8:59 am PDT

**Documents:**   Summons, Class Action Complaint, Civil Action Cover Sheet, Notice of Acceptance into Business Litigation Session (BLS2), Demand Pursuant to Massachusetts General Law Chapter 93A Section 9

**Diligence / Comments:**

1) Successful Attempt: Mar 28, 2024, 8:59 am PDT at Business: 4730 S Fort Apache Rd Suite 300, Las Vegas, NV 89147 received by Karen Scott. Age: 55-60; Ethnicity: African American; Gender: Female; Weight: 150; Height: 5'4"; Hair: Black; Eyes: Black; Other: Served registered agent authorized except Documents, Karen Scott;

**Statement(s):**

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

_____          03/29/2024

Reggie Mitchell                                   Date
Registration: R-2019-12597

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA 94954
800-938-8815

Case Details - Massachusetts Trial Court 3
Superior Court - Suffolk
Docket Number 2484CV00531

Case 2:24-cv-01151-JAD-NJK    Document 5    Filed 04/29/24    Page 55 of 141
https://www.masscourts.org/eservices/search.fts.page?x=-A9mzHD...
Case 1:24-cv-11110    Document 1-4    Filed 04/25/24    Page 1 of 26

# 2484CV00531 Angela Gonneville, individually and on behalf of all others similarly situated vs. Lens.com

- Case Type:
- Business Litigation
- Case Status:
- Open
- File Date
- 02/23/2024
- DCM Track:
- B - Special Track (BLS)
- Initiating Action:
- Complex Unfair Trade Practices
- Status Date:
- 02/23/2024
- Case Judge:
- 
- Next Event:
- 08/28/2024

All Information   Party   Event   Docket   Disposition

## Party Information

**Angela Gonneville, individually and on behalf of all others similarly situated**
- Plaintiff

| Alias | **Party Attorney** |
|---|---|
| | • Attorney |
| | • Garcia, Esq., Andrew J |
| | • Bar Code |
| | • 559084 |
| | • Address |
| | • Phillips and Garcia, PC |
| | 13 Ventura Drive |
| | North Dartmouth, MA 02747 |
| | • Phone Number |
| | • (508)998-0800 |
| | • Attorney |
| | • Phillips, Esq., Carlin John |
| | • Bar Code |
| | • 561916 |
| | • Address |
| | • Phillips and Garcia, PC |
| | 13 Ventura Drive |
| | Dartmouth, MA 02747 |
| | • Phone Number |
| | • (508)998-0800 |

**More Party Information**

**Lens.com**
- Defendant

| Alias | **Party Attorney** |
|---|---|

**More Party Information**

## Events

| Date | Session | Location | Type | Event Judge | Result |
|---|---|---|---|---|---|

| Date | Session | Location | Type | Event Judge | Result |
|------|---------|----------|------|-------------|--------|
| 08/28/2024 02:00 PM | Business Litigation 2 | BOS-10th FL, CR 1017 (SC) | BLS Rule 16 Litigation Control Conference | Squires-Lee, Hon. Debra A | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|-------------|-------------|---------------|--------------|
| 02/23/2024 | Complaint electronically filed. | 1 | Image |
| 02/23/2024 | Civil action cover sheet filed. | 2 | Image |
| 02/23/2024 | Attorney appearance<br>On this date Carlin John Phillips, Esq. added for Plaintiff Angela Gonneville, individually and on behalf of all others similarly situated | | Image |
| 02/23/2024 | Attorney appearance<br>On this date Andrew J Garcia, Esq. added for Plaintiff Angela Gonneville, individually and on behalf of all others similarly situated | | |
| 02/26/2024 | Docket Note: (1) summons sent by mail.<br><br>Applies To: Garcia, Esq., Andrew J (Attorney) on behalf of Angela Gonneville, individually and on behalf of all others similarly situated (Plaintiff) | | |
| 02/26/2024 | General correspondence regarding Notice of Acceptance into Business Litigation Session Accepted into BLS2<br>(Dated 2/26/2024) Notice sent 2/26/2024 | 3 | Image |
| 03/13/2024 | The following form was generated:<br><br>Notice to Appear - BLS<br>Sent On: 03/13/2024 11:45:29 | | |
| 04/02/2024 | Service Returned for<br><br>Applies To: Lens.com (Defendant) | 4 | Image |
| 04/04/2024 | Plaintiff Angela Gonneville, individually and on behalf of all others similarly situated's Assented to Motion for<br>Extension Of Time To Respond To The Complaint | 5 | Image |
| 04/09/2024 | Endorsement on Motion for extension of time to respond to the complaint (#5.0): ALLOWED<br>Allowed to May 17, 2024.<br>(dated 4/8/2024)<br>Notice sent 4/9/24 | | Image |
| 04/23/2024 | The following form was generated:<br><br>Notice to Appear - BLS<br>Sent On: 04/23/2024 14:44:28 | | |

## Case Disposition

| Disposition | Date | Case Judge |
|-------------|------|------------|
| Pending | | |

Date Filed 4/29/2024 02:15 PM
Superior Court - Suffolk
Docket Number 2484CV00531

Case 2:24-cv-01151-JAD-NJK   Document 5   Filed 04/29/24   Page 57 of 141
Case 1:24-cv-11110   Document 1-4   Filed 04/25/24   Page 3 of 26

1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                  SUPERIOR COURT DEPARTMENT
                                            BUSINESS LITIGATION SESSION

|  |  |
|---|---|
| ANGELA GONNEVILLE, individually and on behalf of all others similarly situated | ) ) ) ) |
|  | ) |
| Plaintiff | ) ) |
| v. | ) ) ) |
| LENS.COM, INC. | ) ) |
| Defendant | ) ) ) |

CIVIL ACTION NO.

kg

## CLASS ACTION COMPLAINT

Plaintiff, Angela Gonneville, individually and on behalf of all others similarly situated,

brings this Class Action Complaint for damages for unfair and deceptive sales practices committed

by Defendant, Lens.com, Inc.

## INTRODUCTION

1.     This is a consumer class action case involving an undisclosed junk fee that

Lens.com charges as part of online contact lens orders.  More particularly, Lens.com adds an

undisclosed and non-itemized "processing charge" to contact lens orders after customers have

already filled out the details of their contact lens orders.  Lens.com has received numerous

complaints regarding this undisclosed charge.

2.     Plaintiff seeks to represent a class of consumers in Massachusetts who have paid

an undisclosed processing or handling charge on their contact lens order.  Given the amount of the

1

Date Filed 3/25/2024 02:53 PM Case 2:24-cv-01151-JAD-NJK    Document 5    Filed 04/29/24    Page 58 of 141
Superior Court - Suffolk
Docket Number 2484CV00531    Case 1:24-cv-11110    Document 1-4    Filed 04/25/24    Page 4 of 26

fees at issue and given the number of potential consumers impacted, a class action is the most judicially efficient manner of adjudicating this dispute.

## PARTIES, JURISDICTION AND VENUE

3.      Plaintiff, Angela Gonneville ("Plaintiff" or "Ms. Gonneville"), is an individual who resides in Massachusetts.

4.      Defendant, Lens.com, Inc. ("Lens.com" or "Defendant"), is a Nevada corporation with its principal place of business in the State of Missouri.

5.      The Court has original jurisdiction over the civil claims alleged in Plaintiff's Complaint pursuant to M.G.L. ch. 212 § 4.

6.      This Court has personal jurisdiction over Lens.com pursuant to M.G.L. ch. 223 § 3 because Lens.com conducts significant business in Massachusetts, namely through the marketing, advertising, selling and delivery of contacts lens products in Massachusetts to consumers such as Plaintiff.

7.      Likewise, venue is proper here as the defendant markets, advertises, sells and delivers contacts lens products to Massachusetts consumers in this county.

## FACTUAL BACKGROUND

### The Business of Lens.com

8.      Lens.com is an online seller of contact lenses and claims that it provides consumers "the best way to buy contact lenses - better than your eye doctor, better than big box, better than other websites." Lens.com further claims that it offers the lowest prices of any contact lens seller online or in-store and that most orders ship within 24 hours.

9.      Lens.com markets its contact lenses as having "Year Round *Unbeatable* Prices." On its website it states that it has delivered over 691 million contact lenses. It further touts that,

2

Date Filed 4/25/2024 62:10 PM 2:24-cv-01151-JAD-NJK   Document 5   Filed 04/29/24   Page 59 of 141
Superior Court - Suffolk
Docket Number 2484CV00531   Case 1:24-cv-11110   Document 1-4   Filed 04/25/24   Page 5 of 26

"With over 35 Million contact lenses in stock, we immediately fill your order with your exact prescription."

10.     In a FAQ (frequently asked question) on its website entitled, "How much does shipping cost?", Lens.com states: "At Lens.com we don't bury the cost of shipping in every box we sell. We are completely transparent and let you decide what's best for you. We offer you reliable shipping at extremely competitive prices/rates. You will be able to select the best method for your personal needs at checkout." It then includes a chart of shipping costs within the United States, Canada and Internationally.   Nowhere under its description of shipping costs is there mention of a "processing" or "handling" fee of any kind.  A search of the words "Processing Fee" on Lens.com's website yields no information.

### The Proliferation of Junk Fees in Online Consumer Transactions

11.     Retailers, like Lens.com, are increasingly charging consumers "junk fees" in online transactions to increase profits.   "Junk Fees" are defined by the Federal Trade Commission as "unnecessary, unavoidable, or surprise charges that inflate costs while adding little to no value." The FTC notes that "[c]onsumers can get hit with junk fees at any stage of the purchase or payment process. Companies often harvest junk fees by imposing them on captive consumers or by deploying digital dark patterns and other tricks to hide or mask them." https://www.ftc.gov/news-events/news/press-releases/2022/10/federal-trade-commission-explores-rule-cracking-down-junk-fees.

12.     Common junk fees are convenience fees, processing fees, resort fees, service fees and overdraft fees. The White House recently issued a junk fee guide for the states noting how junk fees have overrun the American economy and are "often not disclosed upfront and only revealed after a consumer has decided to buy something, obscure true prices and dilute the forces

3

Date Filed 4/25/2024 02:15 PM    Case 2:24-cv-01151-JAD-NJK    Document 5    Filed 04/29/24    Page 60 of 141
Superior Court - Suffolk
Docket Number 2484CV00531    Case 1:24-cv-11110    Document 1-4    Filed 04/25/24    Page 6 of 26

of    market    competition    that    are    the    bedrock    of    the    U.S.    economy."
https://www.whitehouse.gov/wp-content/uploads/2023/03/WH-Junk-Fees-Guide-for-States.pdf

**Lens.com's Sales Practices and Junk Fees**

13.    Lens.com's marketing materials state that "we don't bury the cost of shipping in every box we sell. We are completely transparent and let you decide what's best for you. We offer you reliable shipping at extremely competitive prices/rates. You will be able to select the best method for your personal needs at checkout."

14.    Despite these claims, Lens.com packs a junk fee into its transactions which it describes after the point of purchase as a "processing fee." This processing fee is separate from its shipping fee, which in the Plaintiff's case was either free or $7.95.

15.    Lens.com fails to disclose or itemize its processing fee during online transactions and inflates the total transaction price by the amount of the hidden processing fee at the end of the transaction when a consumer's credit card is being processed. These hidden fees add to the total product price but are not disclosed at any point in the cycle of the transaction, in marketing materials, frequently asked questions on Lens.com's website or in product pricing disclosures.

16.    In some transactions, Lens.com never discloses the existence or amount of its processing fee. In other transactions the hidden fees are only disclosed on a packing slip provided to the consumer when the product is delivered. In those circumstances, the hidden fees are listed as "PROCESSING" or as "Shipping & Handling" fees.

17.    The amount of the processing fee charged by Lens.com varies greatly and from transaction to transaction. The Plaintiff's processing fees were $55.97, $22.57 and $5.21.

18.    Numerous online complaints made by Lens.com customers describe processing fees that are over $100. The below listed consumer complaints made to Complaints Board, an

online consumer complaint center, describe Lens.com's surprise processing fee. Each consumer

referenced below contacted the Defendant's customer service line to complain about the

processing fee and, accordingly, these complaints constitute notice and knowledge to the

Defendant of the unfair and deceptive nature of their processing and other fees. The online

complaints state in relevant part:

> **Processing Fees**
> Contact lenses were ordered for my child over the phone in February of
> 2021. The bill received did not break out the $103 processing fee for an
> order of $107 in contacts. The processing fee did not include shipping fees.
> This was discovered when trying to tally the order for reimbursement by the
> child's father months later and the lens cost did not add up to the total. When
> contacting the company the only adjustment offered was a $7.95 shipping
> credit. The price of contacts was severely misrepresented due to the
> arbitrary and, per customer service, ever changing "processing fees".
> (Chobbs 1411 of US; August 27, 2021)

> **Lens.com review: Astronomical processing fee for contact lens order.**
> Customer since 2014... Last order placed 12/26/2020 and was charged
> processing fee of $110.38... I immediately contacted the company and was
> simply told "that was their processing fee"... I escalated the issue as I have
> never paid more than $35.96 for a processing fee (last order was 8/2020 and
> fee was $29.54)... Continued to reach out via email and was finally told on
> Jan 3rd that my complaint was escalated to leadership... I reached out again
> on Jan 11, 12 and now this morning and have never been contacted back...
> I am now in the process of disputing charge with the credit card company...
> I have included the processing fees paid so you can see for yourself the
> ridiculous amount charged this last order:
>
> 4-2014 $18.16
> 3-2015 $26.47
> 8-2015 $26.11
> 9-2016 $35.96
> 9-2017 $25.51
> 9-2018 $25.99
> 12-2019 $27.51
> 8-2020 $29.54
> 12-2020 $110.38
>
> I understand I owe for the contacts but I refuse to pay that amount for
> processing! (juhnklo of US; January 15, 2021)

**Extraordinarily high processing fee.**
On July 7, 2023, I submitted an order and paid $220 for 4 boxes of contacts.
A bargain so I thought, because I would also get a $75 rebate. Again, so I
thought. Imagine my surprise when I see I was charged $330 for my order
due to a huge $120 processing fee. Apparently the 'submit order' button
appears before the processing fee (which requires you to scroll down past
the submit order so you don't see the additional fee.) It doesn't appear on the
consumers invoice on their site, but somehow when you questions it, the
Customer service people are able to produce an invoice showing the fee.
They claim it is automatically added 'by the system' and they cannot refund
any portion of it. The processing fee was more than 50% of my total
purchase and in reading the complaints about them, they take so long to
issue the $75 rebate that the expiration date is so close or past, rendering it
useless as it is a visa gift card. These complaints date back to 2014 and
nothing has changed. Below is the invoice AFTER the order was submitted.
(K. Lennon, Rochdale, MA; July 18, 2023)

**Lens.com added 85% to my order in "tax & fees"**
⌧I intended to purchase 4 boxes of contact lenses at $31.74 per box. They
advertised $9.24 per box if I ordered 8 boxes, which would have been
$73.92, instead of $253. 92. When I clicked "checkout" the total
was$485.79! They added $213.92 in "tax & fees", which is an additional
85%.

I clicked the "chat 24/7" line and the rep did everything possible to avoid
explaining what "fees" were, since tax would be no more than $22 in any
state. I had to ask SIX TIMES, but he finally was forced to admit that "fees"
were: "This includes calling your doctor on your behalf, doctor's fees since
we need to verify your prescription, and handling and processing your order.
If the customer has a valid prescription, there is no need to call the doctor.
Tax would have been $20 so the "rebate" which was applied to the order,
tax and their undisclosed "fees" added 85% to the cost of the order. I told
them that was fraud and they lost my business. (Gail Reznik of US; March
26, 2023)

**Hidden taxes and fees**
When I went to re-order my contacts at Lens.com I noticed advertised
pricing and total cost didn't add up. I went to order my 8 boxes so I would
get the $160 RB. Listed at $42.79 per box before RB (22.79 after RB) times
the required 8 boxes = 342.32 ($182.32 after RB)plus $9.95 Shipping. This
should make for a grand total of $352.27( before RB). At check out total
came up as $566.19! Call Lens.com, spoke with a rep. I was told to go back
to the shipping page, there they show a "Taxes & fees" of 213.92! Contacts
are NOT taxable! They are a rip off company with miss leading and Illegal
sales tactics. I've used them several times in the past and had not been
charged these taxes & fees, I will no longer purchase from them and will

6

Date Filed 4/29/2024 12:15 PM     Case 2:24-cv-01151-JAD-NJK     Document 5     Filed 04/29/24     Page 63 of 141
Superior Court - Suffolk
Docket Number 2484CV00531     Case 1:24-cv-11110     Document 1-4     Filed 04/25/24     Page 9 of 26

tell others of my bad experience. (Sharon McD of Levittown, US; March 1, 2023.

**Lens.com review: Deceptive fees and rebate hurdles**
Customer since 2014, but noticed a huge disparity in cost when initiating my most recent order. Without a rebate, they show $72.24 per 90-lens box of 1-day lenses. Buy 8 boxes and the price (after rebate) is shown as $35.99 and rebate as $290. Great. The next screen in the checkout asks you to confirm where you want the boxes sent with a 'continue' button below it. When you accidentally scroll below that, you see a blowout of the order, with a whopping $241.92 in taxes and fees that "are compensation for servicing your order". That's the only place they show the added taxes/fees. If you click 'continue' and approve where to send the boxes, you miss that, because the final checkout screen never shows that added charge in its summary of your order. ... This is deceptive. (eyecu of Seattle, US; January 12, 2023)

**Ridiculous fee added without my knowledge**
I just learned that they added a $50 fee for for processing on an $80 order. And the customer rep could not explain what the processing fee was for. What a ripoff! (thomassu of Centerville, US; December 5, 2022)

19.     These consumer complaints describe in detail the repeated notice that Lens.com has received from consumers about its hidden processing fees and demonstrate its continued use of unfair and deceptive acts and practices to create revenue from junk fees.

**Plaintiff's Transactions**

20.     Plaintiff's transactions with Lens.com highlight the deceptive nature of Lens.com's business practices. In August 2019, Plaintiff ordered three boxes of contact lenses for a total price of $77.29 with free shipping. The subtotal that was charged to Plaintiff, however, was $82.50, which included a $5.21 undisclosed processing charge. The "processing fee" was only disclosed on the packing form delivered with the contact lenses.

21.     Likewise, in May 2020, Plaintiff ordered three boxes of contact lenses for a total price of $141.48 with free shipping. The subtotal that was charged to Plaintiff, however, was

7

Date Filed 4/25/2024 12:15 PM Case 2:24-cv-01151-JAD-NJK Document 5 Filed 04/29/24 Page 64 of 141
Superior Court - Suffolk
Docket Number 2484CV00531 Case 1:24-cv-11110 Document 1-4 Filed 04/25/24 Page 10 of 26

$164.05, which thus included a $22.57 undisclosed processing charge. The packing form received when the contact lenses were delivered indicated a charge of $30.52 for "shipping & Handling."

22. Similarly, in April 2021, Plaintiff ordered three boxes of contact lenses with a total price of $55.97 and free shipping. However, the subtotal charged to Plaintiff was $111.97 and thus included an undisclosed processing charge of $55.97. The one-page packing form received when the contact lenses were delivered did not itemize the transaction charges or disclose the amount of the processing fee.

23. Plaintiff ultimately complained to Lens.com about the processing charges and was told that the processing fee used to be disclosed on the website but had been removed, there had been recent changes to the website but the fee was still not disclosed, the failure to disclose the processing fee has been reported to IT by several other agents and that Lens.com was trying to get that back up on the website.

## CLASS ACTION ALLEGATIONS

24. Pursuant to Massachusetts Rule of Civil Procedure 23, Plaintiff brings this class action individually and on behalf of the following proposed class of persons, initially defined as: All consumers who purchased contact lenses in Massachusetts and were charged a processing or handling fee with their contact lens order in the six years preceding the filing of this Complaint. (hereinafter the "Class").

The Class does not include Defendant; any affiliate, parent or subsidiary of Defendant; any entity in which Defendant has a controlling interest; any officer, director or employee of Defendant; any successor or assign of Defendant; Plaintiff's counsel or anyone employed by Plaintiff's counsel in this action and their immediate families; any judge to whom this case is assigned and any member

8

Date Filed 4/25/2024 12:09PM 2:24-cv-01151-JAD-NJK Document 5 Filed 04/29/24 Page 65 of 141
Superior Court - Suffolk
Docket Number 2484CV00531 Case 1:24-cv-11110 Document 1-4 Filed 04/25/24 Page 11 of 26

of his/her immediate family and staff; governmental entities; or individuals who have personal injury claims as a result of conduct and/or defects alleged herein.

25.     Plaintiff reserves the right to amend or supplement the Class descriptions with greater specificity or further division into subclasses or limitation to certain issues, after conducting discovery in this matter. Plaintiff also reserves the right to amend or supplement the proposed Class after conducting discovery in this matter.

## Rule 23 Class Certification Requirements

26.     **Numerosity of the Class** – The members of the Class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believe that Lens.com processed tens or hundreds of thousands of contact lens orders and included an undisclosed processing fee with those orders. Adjudication of the claims in a class action context will provide substantial benefits to the parties and the Court.

27.     **Commonality and Predominance** – Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members, as is required by Mass. R. Civ. P. 23(a)(2) and (b)(3). These common questions include, but are not limited to:

   a) whether Lens.com engaged in the conduct alleged herein;

   b) whether Defendant failed to adequately disclose a processing and/or handling fee prior to the completion of an online order for contact lenses;

   c) whether Defendant's undisclosed processing and/or handling fee inflated the product price;

   d) whether Defendant's processing and/or handling fees exceeded actual costs and constituted a hidden profit for Defendant;

   e) whether Plaintiff and Class Members suffered out-of-pocket losses as a result of Defendant's actions and/or inactions alleged herein, and if so, how much;

9

Date Filed 2/25/2024 02:15PM Case 2:24-cv-01151-JAD-NJK Document 5 Filed 04/29/24 Page 66 of 141
Superior Court - Suffolk
Docket Number 2484CV00531 Case 1:24-cv-11110 Document 1-4 Filed 04/25/24 Page 12 of 26

f) whether Plaintiff and Class Members will suffer out-of-pocket losses as a result of Defendant's alleged actions and/or inactions alleged herein, and if so, how much.

28. **Typicality** – The claims of the representative Plaintiff are typical of the claims of each member of the Class, thus satisfying Mass. R. Civ. P. 23(a)(3). Plaintiff, like all other members of the Class, have sustained damages arising from Lens.com's violations of the laws, as alleged herein. The representative Plaintiff and the members of the Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic, and pervasive pattern of misconduct engaged in by Lens.com. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of all other members of the Class.

29. **Adequacy** – The representative Plaintiff will fairly and adequately represent and protect the interests of the Class Members and have retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation, thus satisfying Mass. R. Civ. P. 23(a)(4). There are no material conflicts between the claims of the representative Plaintiff and the members of the Class that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class members.

30. **Declaratory or Injunctive Relief** – Lens.com has acted and refused to act on grounds generally applicable to Plaintiff and Members of the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate regarding the Class as a whole. Mass. R. Civ. P. 23(b)(2).

31. **Superiority** – This suit may be maintained as a class action under Mass. R. Civ. P. 23(b)(3), because a class action is superior to any other available means for the fair and efficient adjudication of this dispute and no unusual difficulties are likely to be encountered in its management of this class action. The damages suffered by individual class members are small in comparison to the burden and expense of individually litigating each claim and based on the

10

Date Filed 2/25/2024 03:15 PM Case 2:24-cv-01151-JAD-NJK Document 5 Filed 04/29/24 Page 67 of 141
Superior Court - Suffolk
Docket Number 2484CV00531 Case 1:24-cv-11110 Document 1-4 Filed 04/25/24 Page 13 of 26

complex and extensive litigation needed to address Spirit's conduct. Further, it would be virtually impossible for the Class Members to individually redress effectively the wrongs done to them. Even if Class Members themselves could afford such individual litigation, the court system could not. In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from complex legal and factual issues of the case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

32. **Ascertainability:** Upon information and belief, the precise number of Class Members may be ascertained from Lens.com's records. Plaintiff contemplates the eventual issuance of notice to the proposed Class members setting forth the nature of the instant action. Upon information and belief, Class members may be notified of this action by recognized, Court approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, social media, and published notices, in addition to Lens.com's own business records.

## COUNT I
## BREACH OF CONTRACT

33. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 as though fully stated herein.

34. Plaintiff's and other Class members' purchase of contact lenses constituted a contract between them and Lens.com, namely through the terms and conditions on the Lens.com

Date Filed 4/25/2024 62:15 PM Case 2:24-cv-01151-JAD-NJK   Document 5   Filed 04/29/24   Page 68 of 141
Superior Court - Suffolk
Docket Number 2484CV00531   Case 1:24-cv-11110   Document 1-4   Filed 04/25/24   Page 14 of 26

site. The terms and conditions do not mention a processing charge for online orders of contact lenses.

35. Plaintiff and the Class Members performed all requirements under their agreements with Lens.com, namely the payment of the amount charged by Lens.com for the order.

36. Lens.com breached its agreement with Plaintiff and the Class Members when it charged a hidden processing fee in connection with the contact lens orders.

37. Plaintiff and members of the Class have suffered an injury through the payment of the processing fee.

38. Plaintiff and Class members are therefore entitled to all incidental, consequential, and indirect damages resulting from Lens.com's breach of contract. Lens.com's breach caused damages to Plaintiff and the Class Members.

39. Plaintiff and the Class Members seek to recover all permitted damages and their attorneys' fees caused by Defendant's breach.

## COUNT II
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

40. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 as though fully stated herein.

41. The Defendant had an obligation to exercise of duty of good faith and fair dealing when transacting business with Plaintiff and the Class.

42. The Plaintiff and the Class made purchases at Lens.com's online website. Lens.com advertised, disclosed and charged a specific price for each contact lens purchase. It claimed that it had the lowest contact lens prices.

12

Date Filed 4/25/2024 4:28 PM
Superior Court - Suffolk
Docket Number 2484CV00531    Case 2:24-cv-01151-JAD-NJK    Document 5    Filed 04/29/24    Page 69 of 141
Case 1:24-cv-11110    Document 1-4    Filed 04/25/24    Page 15 of 26

43.    However, the Defendant, as matter a pattern and practice, assessed hidden junk fees to consumer's transaction which it labeled as processing and/or handling fees. These fees were not described on the Defendant's website or as part of the sale.

44.    In addition, these junk fees varied from transaction to transaction.

45.    The junk fees were charged to Plaintiff's credit and debit cards, thereby driving up the actual costs of their contact lens purchases.

46.    Lens.com used these hidden fees, which do not purport to approximate actual expenses incurred, as a hidden profit center. Not including these hidden fees in the product price allowed Lens.com to falsely claim that it had the lowest prices.

47.    Lens.com's pattern and practice of charging its consumers hidden junk fees in its transactions constituted a breach of the duty of good faith and fair dealing it owed to consumers as part of the transactions.

48.    As a direct and proximate result of the Defendant's acts and/or omissions, the Plaintiff and the Class suffered damages.

## COUNT III
## UNJUST ENRICHMENT

49.    Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 as though fully stated herein.

50.    Plaintiff and the Class Members conferred substantial benefits on Lens.com by purchasing contact lenses and by paying processing charges to Lens.com.

51.    Lens.com knowingly and willingly accepted and enjoyed those benefits. Lens.com's retention of these benefits is inequitable and would be against good conscience

52.    As a direct and proximate cause of Lens.com's unjust enrichment, Plaintiff and the Class Members are entitled to restitution, attorneys' fees, costs and interest.

13

Date Filed 4/25/2024 42:16 PM
Superior Court - Suffolk
Docket Number 2484CV00531
Case 2:24-cv-01151-JAD-NJK   Document 5   Filed 04/29/24   Page 70 of 141
Case 1:24-cv-11110   Document 1-4   Filed 04/25/24   Page 16 of 26

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, pray for a judgment against Defendant as follows:

a. For an order certifying the Class, appointing Plaintiff as Representative of the Class, and appointing the law firm representing Plaintiff as counsel for the Class;

b. For compensatory damages and/or restitution or refund of all funds acquired by Lens.com from Plaintiff and the Class Members as a result of the Company's unlawful, unfair, deceptive and unconscionable practices described herein in an amount to be proven at trial;

c. For compensatory damages caused by Lens.com's breach of contract with Plaintiff and the Class Members to the extent permitted by law in an amount to be proven at trial;

d. Both pre-and post-judgment interest on any amounts awarded;

e. Payment of reasonable attorneys' fees and costs as allowed by law;

f. Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

The Plaintiff requests a trial by jury on all claims.

On behalf of the Plaintiff and the
Putative Class,

*/s/ Carlin J. Phillips*

Carlin Phillips, BBO# 561916
Andrew J. Garcia, BBO# 559084
PHILLIPS & GARCIA, P.C.
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (fax)
cphillips@phillipsgarcia.com

14

Date Filed 2/25/2024 12:15 AM  Case 2:24-cv-01151-JAD-NJK   Document 5    Filed 04/29/24    Page 71 of 141
Superior Court - Suffolk
Docket Number 2484CV00531    Case 1:24-cv-11110  Document 1-4  Filed 04/25/24  Page 17 of 26

2

| CIVIL ACTION COVER SHEET | DOCKET NO(S) B.L.S. | Trial Court Of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

| PLAINTIFF(S) Angela Gonneville, indiv. and on behallf of all others similarly situated, | DEFENDANT(S) Lens.com, Inc. |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Board of Bar Overseers number Carlin J. Phillips, BBO 561916, PHILLIPS & GARCIA, P.C.,13 Ventura Drive, Dartmouth, MA 02747; 508-998-0800; cphillips@phillipsgarcia.com | ATTORNEY (if known) |
|---|---|

Origin Code Original Complaint
**BK1**

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) CODE NO. TYPE OF ACTION (specify) TRACK IS THIS A JURY CASE? *
_____ (B) ☑ Yes ☐ No
                                              kg

# BKI   Consumer Class Action

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

This is a consumer class action case involving undisclosed junk fees that Lens.com, an online company that sells contact lenses at what it claims are the lowest prices, charges as part of online contact lens orders.  More particularly, Lens.com adds an undisclosed and non-itemized processing fee to online transactions which, in the plaintiff's case, varied from $55.97 to $22.57 to $5.21.  Despite numerous complaints from the Plaintiff and other consumers about undisclosed fees, Lens.com continued to charge consumers these fees in online transactions.  Per the FTC, junk fees inflate costs to consumers while adding little to no value and are often imposed on captive consumers by using tricks to hide or mask the fees, thereby inflating the purchase price and frustrating a consumer's ability to comparison shop based on price.  The nature, complexity, uniformity and scope of the issue surrounding the defendant's alleged use of undisclosed fees in its online transaction process warrants acceptance in this court.

* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods." Signature of Attorney of Record
DATE: 2/22/24

Date Filed 4/25/2024 12:45 PM    Case 2:24-cv-01151-JAD-NJK    Document 5    Filed 04/29/24    Page 72 of 141
Superior Court - Suffolk
Docket Number 2484CV00531    Case 1:24-cv-11110    Document 1-4    Filed 04/25/24    Page 18 of 26

3

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: **2484CV00531-BLS2**

Notice Sent
2/26/24
3:12

Case:    Gonneville v. Lens.com, Inc.

## NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to **BLS2**.

Hereafter, as shown above, all parties must include the initials "**BLS2**" at the end of the docket number on all filings.

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process within the time limitation of Mass. R. Civ. P. 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to the appropriate BLS Session Clerk at Suffolk Superior Court, Three Pemberton Square, Boston, MA 02108.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel. Before the Rule 16 Conference, counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Project on Discovery (counsel are directed to www.mass.gov/superior-court-business-litigation-session for description of the Project). Counsel may indicate their respective client's participation by completing, filing, and serving the attached form. If by the date of the initial Rule 16 Conference, not all parties have given notice of their participation, counsel shall be prepared to discuss at that conference whether their clients will participate in the Project.

The Court requests that plaintiff's counsel serve on opposing parties a copy of this notice and the attached form.

Dated: February 26, 2024

/s/ Kenneth W. Salinger
_____
Kenneth W. Salinger
Justice of the Superior Court &
Administrative Justice of the Business Litigation Session

Case 2:24-cv-01151-JAD-NJK   Document 5   Filed 04/29/24   Page 73 of 141

Date Filed 4/25/2024 12:15 PM
Superior Court - Suffolk
Docket Number 2484CV00531        Case 1:24-cv-11110   Document 1-4   Filed 04/25/24   Page 19 of 26

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: _____ _____

Case: _____

     As you may know, the Business Litigation Session began implementing a Discovery Project in January, 2010. This project is available on a voluntary basis for all new cases accepted into the BLS and for cases which have not previously had an initial case management conference. Counsel should be prepared to discuss the project with the Court at the initial case management conference. For a detailed copy of the BLS Discovery Project, counsel are directed to the Trial Court home page at: www.mass.gov/superior-court-business-litigation-session)

     If a party is willing to participate in the project, that party's counsel should so indicate below and return this form to the appropriate session clerk.

___ (Check) **Yes.**_____ is willing to participate in the Discovery Project.
              (Party's Name)

Case Name _____

Docket Number CIVIL DOCKET#: _____

Counsel For_____        Date_____

Firm Name and Address:

_____

_____

_____

Please complete this form and return it to:

| Assistant Clerk - BLS1 | **OR** | Assistant Clerk - BLS2 |
|---|---|---|
| BLS1, Room 1309 | | BLS2, Room 1017 |
| 3 Pemberton Square | | 3 Pemberton Square |
| Boston, MA 02108 | | Boston, MA 02108 |

- 2 -

Date Filed 4/25/2024 8:52 (ESTN) Case 2:24-cv-01151-JAD-NJK    Document 5    Filed 04/29/24    Page 74 of 141
Superior Court - Suffolk
Docket Number 2484CV00531    Case 1:24-cv-11110    Document 1-4    Filed 04/25/24    Page 20 of 26

4

## AFFIDAVIT OF SERVICE

| Case:<br>2484CV00531-BLS2 | Court:<br>Suffolk Superior Civil Court | County:<br>, MA | Job:<br>10757417 (22544865) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Angela Gonneville | | Defendant / Respondent:<br>Lens.com, Inc. | |
| Received by:<br>One Legal, an InfoTrack Company | | For:<br>Phillips Garcia Law | |
| To be served upon:<br>Lens.com, Inc. | | | |

**Recipient Name:**   Karen Scott

**Recipient Address:**   Business: 4730 S Fort Apache Rd Suite 300, Las Vegas, NV 89147

**Manner of Service:**   Business Serve, Mar 28, 2024, 8:59 am PDT

**Documents:**   Summons, Class Action Complaint, Civil Action Cover Sheet, Notice of Acceptance into Business Litigation Session (BLS2), Demand Pursuant to Massachusetts General Law Chapter 93A Section 9

**Diligence / Comments:**

1) Successful Attempt: Mar 28, 2024, 8:59 am PDT at Business: 4730 S Fort Apache Rd Suite 300, Las Vegas, NV 89147 received by Karen Scott. Age: 55-60; Ethnicity: African American; Gender: Female; Weight: 150; Height: 5'4"; Hair: Black; Eyes: Black; Other: Served registered agent authorized except Documents, Karen Scott;

**Statement(s):**

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

_____   03/29/2024

Reggie Mitchell                          Date
Registration: R-2019-12597

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA 94954
800-938-8815

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
BUSINESS LITIGATION SESSION

| | |
|---|---|
| ANGELA GONNEVILLE, individually and on behalf of all others similarly situated, ) ) ) ) | C.A. NO. 2484CV00531-BLS2 |
| Plaintiff, ) | |
| v. ) | |
| LENS.COM, INC., ) | |
| Defendant. ) | |

### ASSENTED TO MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT

Plaintiff Angela Gonneville ("Plaintiff" or "Gonneville"), pursuant to Massachusetts Rule

of Civil Procedure 6(b), hereby files this Stipulated Motion for Extension of Time to Respond to

the above-captioned Class Action Complaint and, in support, states:

1. Plaintiff filed the Class Action Complaint on February 23, 2024.

2. Defendant was served with the Complaint on March 28, 2024, making its response due

on April 17, 2024.

3. The Parties have agreed to extend the deadline for Defendant to respond to the Complaint

to May 17, 2024.

4. This agreed request for an extension of time is made in good faith and not for purposes of

delay. Given the early stage of this case, no party will be prejudiced by the request.

WHEREFORE, the Parties respectfully request that the Court enter an Order extending

1

Date Filed 4/25/2024 12:45 PM
Superior Court - Suffolk
Docket Number 2484CV00531   Case 2:24-cv-01151-JAD-NJK   Document 5   Filed 04/29/24   Page 76 of 141
Case 1:24-cv-11110   Document 1-4   Filed 04/25/24   Page 22 of 26

the deadline for Defendant to respond to Plaintiff's Complaint to May 17, 2024.

DATED: April 3, 2024.

**RESPECTFULLY SUBMITTED**

On behalf of the Plaintiff,

*/s/ Carlin J. Phillips*
Carlin J. Phillips, BBO# 561916
Andrew J. Garcia, BBO# 559084
**PHILLIPS & GARCIA, P.C.**
13 Ventura Drive, Dartmouth, MA 02747
Tel. (508) 998-0800; Fax (508) 998-0919
cphillips@phillipsgarcia.com

On behalf of the Defendant,

*/s/ Jed H. Hansen*
Jed H. Hansen
Thorpe North & Western, LLP
175 South Main Street, Suite 900
Salt Lake City, Utah 84111
801-566-6633
hansen@tnw.com

2

Date Filed 4/25/2024 12:36 PM Case 2:24-cv-01151-JAD-NJK   Document 5   Filed 04/29/24   Page 77 of 141
Superior Court - Suffolk
Docket Number 2484CV00531   Case 1:24-cv-11110   Document 1-4   Filed 04/25/24   Page 23 of 26

# CERTIFICATE OF SERVICE

Plaintiff's counsel, Carlin J. Phillips, hereby certifies that a copy of this document was

served via email on April 4, 2024, to all counsel of record:

Jed H. Hansen
Thorpe North & Western, LLP
175 South Main Street, Suite 900
Salt Lake City, Utah 84111
801-566-6633
hansen@tnw.com


/s/ Carlin J. Phillips
Carlin J. Phillips, BBO# 561916
Andrew J. Garcia, BBO# 559084
**PHILLIPS & GARCIA, P.C.**
13 Ventura Drive, Dartmouth, MA 02747
Tel. (508) 998-0800; Fax (508) 998-0919
cphillips@phillipsgarcia.com

3

Date Filed 4/25/2024 12:50 PM Case 2:24-cv-01151-JAD-NJK    Document 5    Filed 04/29/24    Page 78 of 141
Superior Court of Suffolk
Docket Number 2484CV00531    Case 1:24-cv-11110    Document 24-7    Filed 04/25/24    Page 24 of 26
Superior Court - Suffolk
Docket Number 2484CV00531

5

ML

# NOTIFY

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
BUSINESS LITIGATION SESSION

)
ANGELA GONNEVILLE, individually      )    C.A. NO. 2484CV00531-BLS2
and on behalf of all others similarly situated,    )
)
     Plaintiff,      )
)
v.      )
)
LENS.COM, INC.,      )
)
     Defendant.      )
)

## ASSENTED TO MOTION FOR EXTENSION OF TIME
## TO RESPOND TO THE COMPLAINT

Plaintiff Angela Gonneville ("Plaintiff" or "Gonneville"), pursuant to Massachusetts Rule

of Civil Procedure 6(b), hereby files this Stipulated Motion for Extension of Time to Respond to

the above-captioned Class Action Complaint and, in support, states:

1. Plaintiff filed the Class Action Complaint on February 23, 2024.

2. Defendant was served with the Complaint on March 28, 2024, making its response due

on April 17, 2024.

3. The Parties have agreed to extend the deadline for Defendant to respond to the Complaint

to May 17, 2024.

4. This agreed request for an extension of time is made in good faith and not for purposes of

delay. Given the early stage of this case, no party will be prejudiced by the request.

WHEREFORE, the Parties respectfully request that the Court enter an Order extending

1

Allowed to May 17, 2024.                8 April 2024

Date Filed 4/25/2024 12:38 PM Case 2:24-cv-01151-JAD-NJK   Document 5   Filed 04/29/24   Page 79 of 141
Superior Court - Suffolk
Docket Number 2484CV00531   Case 1:24-cv-11110   Document 1-4   Filed 04/25/24   Page 25 of 26

the deadline for Defendant to respond to Plaintiff's Complaint to May 17, 2024.

DATED: April 3, 2024.

**RESPECTFULLY SUBMITTED**

On behalf of the Plaintiff,

*/s/ Carlin J. Phillips*
Carlin J. Phillips, BBO# 561916
Andrew J. Garcia, BBO# 559084
**PHILLIPS & GARCIA, P.C.**
13 Ventura Drive, Dartmouth, MA 02747
Tel. (508) 998-0800; Fax (508) 998-0919
cphillips@phillipsgarcia.com

On behalf of the Defendant,

*/s/ Jed H. Hansen*
Jed H. Hansen
Thorpe North & Western, LLP
175 South Main Street, Suite 900
Salt Lake City, Utah 84111
801-566-6633
hansen@tnw.com

2

Date Filed 4/25/2024 12:13 PM
Suffolk County Superior Court
Date 04/25/2024 5:00 PM
Docket Number 2484CV00531

Case 2:24-cv-01151-JAD-NJK    Document 5    Filed 04/29/24    Page 80 of 141

Case 1:24-cv-11110    Document 1-4    Filed 04/25/24    Page 26 of 26

# CERTIFICATE OF SERVICE

Plaintiff's counsel, Carlin J. Phillips, hereby certifies that a copy of this document was served via email on April 4, 2024, to all counsel of record:

Jed H. Hansen
Thorpe North & Western, LLP
175 South Main Street, Suite 900
Salt Lake City, Utah 84111
801-566-6633
hansen@tnw.com

/s/ Carlin J. Phillips
Carlin J. Phillips, BBO# 561916
Andrew J. Garcia, BBO# 559084
**PHILLIPS & GARCIA, P.C.**
13 Ventura Drive, Dartmouth, MA 02747
Tel. (508) 998-0800; Fax (508) 998-0919
cphillips@phillipsgarcia.com

3

Date Filed 4/25/2024 12:36 PM   Case 2:24-cv-01151-JAD-NJK    Document 5    Filed 04/29/24    Page 81 of 141
Superior Court - Suffolk
Docket Number 2484CV00531   Case 1:24-cv-11119    Document 1-5    Filed 04/25/24    Page 1 of 2

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Angela Gonneville

**DEFENDANTS**

Lens.com, Inc.

**(b)** County of Residence of First Listed Plaintiff   **Bristol**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Carlin Phillips, Phillips & Garcia PC, 13 Ventura Dr.,
North Dartmouth, MA 02747, (508) 998-0800

Attorneys *(If Known)*

Theodore J. Folkman, Rubin and Rudman LLP, 53 State
St., Boston, MA 02109, (617) 330-7135

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 USC 1332

Brief description of cause:
Putative consumer class action for breach of contract and unjust enrichment

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
restitution & damages

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
4/25/2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ Theodore J. Folkman

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

Date Filed 4/25/2024 Case 2:24-cv-01151-JAD-NJK    Document 5    Filed 04/29/24    Page 82 of 141
Superior Court - Suffolk
Docket Number 2484CV00531    Case 1:24-cv-11110    Document 1-5    Filed 04/25/24    Page 2 of 2

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Date Filed 4/25/2024 12:18 PM Case 2:24-cv-01151-JAD-NJK     Document 5     Filed 04/29/24     Page 83 of 141
Superior Court - Suffolk
Docket Number 2484CV00531     Case 1:24-cv-11110   Document 1-6   Filed 04/25/24   Page 1 of 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Gonneville v. Lens.com, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   [ ] I.    160, 400, 410, 441, 535, 830*, 835*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

   [✔] II.   110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

   [ ] III.  120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [✔]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

   YES [ ]   NO [✔]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [✔]

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [✔]   NO [ ]

   A.   If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [✔]          Central Division [ ]          Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [ ]          Central Division [ ]          Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [✔]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Theodore J. Folkman
ADDRESS Rubin and Rudman LLP, 53 State St., Boston, MA 02109
TELEPHONE NO. (617) 330-7135

(CategoryForm11-2020.wpd )

## COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.                                                    Superior Court Department
                                                               of the Trial Court

ANGELA GONNEVILLE, individually
and on behalf of all others similarly
situated,

       Plaintiff,                                Civ. A. No. 2484CV00531-BLS2

v.

LENS.COM, INC.,

       Defendant.

## NOTICE OF FILING OF NOTICE OF REMOVAL

Please take notice that the defendant, Lens.com, Inc., has removed this case to the United

States District Court for the District of Massachusetts ("the District Court"). A copy of the Notice

of Removal, which has been filed with the District Court, is attached to this Notice as Exhibit 1.

Pursuant to 28 U.S.C. § 1446(d), this Court shall proceed no further unless and until the case is

remanded.

                    Respectfully submitted,

                    LENS.COM, INC.

                    By its attorney:

                    */s/ Theodore J. Folkman*

                    Theodore J. Folkman (BBO No. 647642)
                    RUBIN AND RUDMAN LLP
                    53 State St.
                    Boston, Mass. 02109
                    (617) 330-7135
Dated: April 25, 2024          tfolkman@rubinrudman.com
3820973_1

## CERTIFICATE OF SERVICE

I certify that on April 25, 2024, I served this document by first-class mail, postage prepaid, and email on:

Carlin Phillips
cphillips@phillipsgarcia.com
Andrew J. Garcia
agarcia@phillipsgarcia.com
Phillips & Garcia, P.C.
13 Ventura Drive
North Dartmouth, MA 02747

*/s/ Theodore J. Folkman*

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANGELA GONNEVILLE, individually
and on behalf of all others similarly
situated,

        Plaintiff,

v.

LENS.COM, INC.,

        Defendant.

Civ. A. No.

## DEFENDANT LENS.COM, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant Lens.com, Inc.

("Lens.com") hereby gives notice of the removal of the action captioned as *Angela Gonneville v.*

*Lens.com, Inc.*, Docket No. 2484CV00531-BLS2, filed in the Suffolk Superior Court (the "State

Action"), to the United States District Court for the District of Massachusetts. The ground for

removal is diversity of citizenship. In further support, Lens.com states as follows:

### PROCEEDINGS IN STATE COURT

1.     On February 23, 2024, Plaintiff Angela Gonneville filed the removed case, *Angela*

*Gonneville v. Lens.com, Inc.*, Case No. 2484CV00531-BLS2, in the Suffolk Superior Court. A

true and correct copy of the Class Action Complaint ("Complaint") is attached as **Exhibit A**. A

true and correct copy of the Summons that issued is attached as **Exhibit B**.

2.     Plaintiff served Lens.com on March 28, 2024, as reflected in the Affidavit of

Service, attached as **Exhibit C**.

1

3.      A true and correct copy of the complete record in this action in Suffolk Superior Court is attached as **Exhibit D**.

4.      Exhibits A–D constitute all the process, pleadings, and orders that are available from the public state court record in connection with Case No. 2484CV00531-BLS2, in the Suffolk Superior Court, as of the date of the filing of this Notice of Removal.

## NATURE OF THE REMOVED ACTION

5.      Plaintiff alleges that she "is an individual who resides in Massachusetts." Compl., ¶ 3. On information and belief, she is domiciled in Massachusetts.

6.      Plaintiff alleges that Lens.com "is a Nevada corporation with its principal place of business in the State of Missouri." *Id.*, ¶ 4. In fact, Lens.com is a corporation organized and existing under the laws of the State of Nevada with its principal place of business in Nevada.

7.      Plaintiff alleges that "Lens.com packs a junk fee into its transactions which it describes after the point of purchase as a 'processing fee.'" *Id.*, ¶¶ 13–17.

8.      Plaintiff alleges that she was personally harmed in August 2019, when she purchased three boxes contact lenses for a total price of $82.50. *Id.*, ¶ 20. According to Plaintiff, she paid an undisclosed processing charge of $5.21. *Id.*

9.      Plaintiff alleges that she was harmed again in May 2020, when she purchased another three boxes of contact lenses for a total price of $164.05. *Id.*, ¶ 21. According to Plaintiff, she paid an undisclosed processing charge of $22.57. *Id.*

10.      Plaintiff alleges that she was harmed a third time in April 2021, when she purchased another three boxes of contact lenses for a total price of $111.97. *Id.*, ¶ 22. According to Plaintiff, she paid an undisclosed processing charge of $55.97. *Id.*

2

11.    Plaintiff seeks to represent a putative class of Massachusetts consumers.  Plaintiff

defines her putative class as follows:

> All consumers who purchased contact lenses in Massachusetts and were charged a
> processing or handling fee with the contact lens order in the six years preceding the filing
> of this Complaint.  *Id.*, ¶ 24.

12.    Plaintiff, on behalf of herself and the putative class, brings claims against

Lens.com for Breach of Contract (Count I), Breach of the Duty of Good Faith and Fair Dealing

(Count II), and Unjust Enrichment (Count III).  *Id.*, ¶¶ 33–52.

13.    Plaintiff seeks class-wide damages, including "compensatory damages and/or or

restitution or refund of all funds acquired by Lens.com … as a result of [Lens.com's] unlawful,

unfair, deceptive and unconscionable practices;" and "compensatory damages caused by

Lens.com's breach of contract."  *Id.* at 14.  Plaintiff further seeks pre- and post-judgment

interests, costs, and attorneys' fees.  *Id.*

14.    Plaintiff also sent Lens.com a demand letter dated March 26, 2024 ("Demand

Letter") "pursuant to Massachusetts General Laws Chapter 93A Section 9," attached as

**Exhibit E**.  In the Demand Letter, Plaintiff accuses Lens.com of "charging hidden and inflated

junk fees in online purchases of contact lenses" and states that Lens.com has "thirty days after

receipt of this letter to make a reasonable written tender of settlement or be exposed to potential

treble damages and attorney's fees and costs."  *Id.*  Plaintiff further demands that Lens.com

"identify all Massachusetts consumers for the last six years who were charged a processing and/or

handling fee, the date of the fee(s) and the amounts(s)" and that Lens.com "agree to reimburse all

identified Massachusetts consumers three times the amount of all processing and/or handling fees

paid."  *Id.*

15.     In accordance with the Demand Letter, Plaintiff intends to amend the Complaint to include a claim under G.L. c. 93A, § 9 and will seek "three times the amount of all processing and/or handling fees paid," as well as attorney's fees.

## REMOVAL TO THIS DISTRICT IS PROPER

16.     The State Action can be properly removed this Court under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district embracing Suffolk County, the location where the State Action was pending.

17.     However, Lens.com will not ultimately consent to venue in the United States District Court for the District of Massachusetts, because an operative forum-selection clause requires the action be brought in Nevada.  Thus, pursuant to 28 U.S.C. § 1404(a), Lens.com intends to move to transfer this action to the United States District Court for the District of Nevada, for two reasons.  First, a nationwide class action was recently filed in Nevada and those claims overlap with the claims here.  *See Franks v. Lens.com Inc.,* Case No. 2:24-cv-0724 (District of Nevada).  Second, all parties to this action have consented to jurisdiction in Nevada in a forum-selection clause.

## REMOVAL IS TIMELY

18.     Plaintiff served Lens.com with a copy of the Complaint on March 28, 2024.  *See* Ex. C, Affidavit of Service at 1.

19.     Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed on April 25, 2024, which is within 30 days of service of the Complaint.

3829217_1                                          4

**REMOVAL IS PROPER**

20.     Removal is proper under the Class Action Fairness Act ("CAFA"), *see* 28 U.S.C. § 1332(d), because this matter is a class action with minimally diverse parties, there is an aggregate amount in controversy in excess of $5,000,000, and the number of proposed class members is more than 100.

21.     First, the parties are at least minimally diverse. Plaintiff, who seeks to represent the class, is a citizen of Massachusetts. *See* Compl. ¶ 3 (alleging that Plaintiff is a resident of Massachusetts). Lens.com is not a Massachusetts citizen—it is headquartered in Nevada and incorporated under Nevada law. *See* Compl. ¶ 4; 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Because Plaintiff is a citizen of Massachusetts and Lens.com is a citizen of Nevada, the parties are at least minimally diverse. *See* 28 U.S.C. § 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which [] any member of a class of plaintiffs is a citizen of a State different from any defendant.").

22.     None of the CAFA exceptions to federal jurisdiction over a putative class action apply because the "primary defendant[]" or the defendant "from whom significant relief is sought"—Lens.com, the only named defendant in this action—is not a Massachusetts citizen. *See* 28 U.S.C. § 1332(d)(3)–(4).

23.     Second, the amount in controversy requirement is met. To satisfy the amount-in-controversy requirement, a removing defendant needs to "include only a plausible allegation that

the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount" is not required to be included with the notice of removal but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

24.     "A defendant can satisfy its burden to establish the amount in controversy by a reasonable probability by relying on the face of the complaint in the underlying case, by alleging facts in its notice of removal to support its amount in controversy allegation, or by submitting summary judgment type evidence." *Khath v. Midland Funding, LLC*, 2016 U.S. Dist. LEXIS 43493, at *13 (D. Mass. Jan. 7, 2016) (citing *Composite Co. v. Am. Int'l Grp., Inc.*, 988 F. Supp. 2d 61, 74 (D. Mass. 2013)).

25.     To determine the amount in controversy, the Court first looks to whether plaintiff made specific damage allegations in the complaint. *See Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1, 6 (1st Cir. 1995). A court will determine the amount in controversy from the face of the complaint "'unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith.'" *Coventry Sewage*, 71 F.3d at 4 (quoting *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)). "'[W]hen a plaintiff makes a claim under a statute including a damage multiplier, a court must apply that factor in evaluating the amount in controversy.'" *Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 2013 WL 5405668, at *3 (D. Mass. 2013) (quoting *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 222 (D.N.H. 2004)). The amount in controversy includes statutorily authorized attorneys' fees and multipliers of damages, such as the treble damages provision in Chapter 93A. *See, e.g., Crandall v. Travelers Personal Sec. Ins. Co.*, 2024 U.S. Dist. LEXIS 12106, at *2 (D. Mass. Jan. 18, 2024); *Santos v.*

*Preferred Mut. Ins. Co.*, 21 F. Supp. 3d 111, 116 n.2 (D. Mass. 2014); *Williams v. Litton Loan Servicing*, 2011 U.S. Dist. LEXIS 90689, at \*5 (D. Mass. Aug. 15, 2011).

26.     Here, Plaintiff seeks "compensatory damages and/or restitution or refund of all funds acquired by Lens.com from Plaintiff and the Class Members … in an amount to be proven at trial." Compl. at 14.  While Lens.com disputes Plaintiff's class definition, Plaintiff alleges that the class members include "[a]ll consumers who purchased contact lenses in Massachusetts and were charged a processing or handling fee with the contact lens order in the six years preceding the filing of this Complaint." *Id.*, ¶ 24.  From 2018 to 2023, Lens.com estimates that its total sales in Massachusetts were approximately $21,200,000.  Thus, the "compensatory damages and/or restitution or refund of all funds acquired by Lens.com from Plaintiff and the Class Members" exceeds the $5 million threshold.

27.     Plaintiff also seeks "compensatory damages caused by Lens.com's breach of contract." *Id.* at 14.

28.     Plaintiff also seeks "pre- and post-judgment interest." Compl. at 14.

29.     Plaintiff also seeks "reasonable attorney' fees and costs." Compl. at 14.  A court may consider potential attorney's fees as part of the amount-in-controversy calculation when "a statute mandates or allows the payment of such fees." *Dep't of Rec. & Sports of P.R. v. World Boxing Ass'n*, 942 F.2d 84, 89 (1st Cir. 1991).

30.     Taken as a whole, the demands of the Complaint thus plausibly exceed the $5 million threshold for federal jurisdiction under 28 U.S.C. § 1332(d). *Dart*, 574 U.S. at 89.

31.     In addition to these restitution and damages claims, Plaintiff also served a Demand Letter with its complaint indicting that Plaintiff intends to amend the Complaint to include a claim

3829217_1

7

under G.L. c. 93A, § 9. While these causes of action are not yet part of the complaint, these claims will also add to the damages claimed in this matter. The demand letter seeks "three times the amount of all processing and/or handling fees paid." From 2018 to 2023, Lens.com estimates that Massachusetts consumers paid approximately $3,500,000 in processing fees. Three times the amount of all processing and or handling fees paid is approximately $10,500,000. This alone would also satisfy the $5 million threshold.

32.     Third, because Lens.com is a well-established company that sells products to consumers across the country, the number of proposed class members is greater than 100. For example, based on the current class allegation in the complaint, Lens.com estimates that in 2023 alone, it sold products to over 7,000 customers in Massachusetts.

33.     Pursuant to 28 U.S.C. § 1446(d), Lens.com will serve written notice of removal of this case on Plaintiff's counsel by first-class mail and email at the following addresses:

> Carlin Phillips
> cphillips@phillipsgarcia.com
> Andrew J. Garcia
> agarcia@phillipsgarcia.com
> Phillips & Garcia, P.C.
> 13 Ventura Drive
> North Dartmouth, MA 02747

34.     Pursuant to 28 U.S.C. 1446(d), Lens.com will promptly file a notice of filing of notice of removal with the Clerk of the Suffolk Superior Court.

35.     The recitation of Plaintiff's allegation in this Notice of Removal is not a concession that Plaintiff's allegations or legal theories have merit. Lens.com reserves the right to assert all applicable defenses in this matter and denies that Plaintiff is entitled to any relief. By removing this matter, Lens.com does not waive and reserves any rights it may have, including,

3829217_1

8

without limitation, all available arguments and affirmative defenses. Lens.com does not concede that Plaintiff is entitled to any recovery whatsoever.

## CONCLUSION

36.     Pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1446, Lens.com hereby removes the above-captioned action from the Suffolk Superior Court to the U.S. District Court for the District of Massachusetts.

Respectfully submitted,

LENS.COM, INC.

By its attorneys:

*/s/ Theodore J. Folkman*

Theodore J. Folkman (BBO No. 647642)
RUBIN AND RUDMAN LLP
53 State St.
Boston, Mass. 02109
(617) 330-7135
tfolkman@rubinrudman.com

Mark Bettilyon (pro hac vice forthcoming)
Jed Hansen (pro hac vice forthcoming)
THORPE NORTH & WESTERN, LLP
The Walker Center
175 S. Main Street, Suite 900
Salt Lake City, Utah 84111
(801) 566-6633
mark.bettilyon@tnw.com

Dated: April 25, 2024

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
BUSINESS LITIGATION SESSION

|  |  |  |
|---|---|---|
| ANGELA GONNEVILLE, individually and on behalf of all others similarly situated | ) ) ) | CIVIL ACTION NO. |
| Plaintiff | ) ) ) | kg |
| v. | ) ) | |
| LENS.COM, INC. | ) ) | |
| Defendant | ) ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Angela Gonneville, individually and on behalf of all others similarly situated,

brings this Class Action Complaint for damages for unfair and deceptive sales practices committed

by Defendant, Lens.com, Inc.

## INTRODUCTION

1. This is a consumer class action case involving an undisclosed junk fee that

Lens.com charges as part of online contact lens orders. More particularly, Lens.com adds an

undisclosed and non-itemized "processing charge" to contact lens orders after customers have

already filled out the details of their contact lens orders. Lens.com has received numerous

complaints regarding this undisclosed charge.

2. Plaintiff seeks to represent a class of consumers in Massachusetts who have paid

an undisclosed processing or handling charge on their contact lens order. Given the amount of the

fees at issue and given the number of potential consumers impacted, a class action is the most judicially efficient manner of adjudicating this dispute.

## PARTIES, JURISDICTION AND VENUE

3.     Plaintiff, Angela Gonneville ("Plaintiff" or "Ms. Gonneville"), is an individual who resides in Massachusetts.

4.     Defendant, Lens.com, Inc. ("Lens.com" or "Defendant"), is a Nevada corporation with its principal place of business in the State of Missouri.

5.     The Court has original jurisdiction over the civil claims alleged in Plaintiff's Complaint pursuant to M.G.L. ch. 212 § 4.

6.     This Court has personal jurisdiction over Lens.com pursuant to M.G.L. ch. 223 § 3 because Lens.com conducts significant business in Massachusetts, namely through the marketing, advertising, selling and delivery of contacts lens products in Massachusetts to consumers such as Plaintiff.

7.     Likewise, venue is proper here as the defendant markets, advertises, sells and delivers contacts lens products to Massachusetts consumers in this county.

## FACTUAL BACKGROUND

**The Business of Lens.com**

8.     Lens.com is an online seller of contact lenses and claims that it provides consumers "the best way to buy contact lenses - better than your eye doctor, better than big box, better than other websites." Lens.com further claims that it offers the lowest prices of any contact lens seller online or in-store and that most orders ship within 24 hours.

9.     Lens.com markets its contact lenses as having "Year Round *Unbeatable* Prices." On its website it states that it has delivered over 691 million contact lenses. It further touts that,

2

"With over 35 Million contact lenses in stock, we immediately fill your order with your exact prescription."

10.     In a FAQ (frequently asked question) on its website entitled, "How much does shipping cost?", Lens.com states: "At Lens.com we don't bury the cost of shipping in every box we sell. We are completely transparent and let you decide what's best for you. We offer you reliable shipping at extremely competitive prices/rates. You will be able to select the best method for your personal needs at checkout." It then includes a chart of shipping costs within the United States, Canada and Internationally.  Nowhere under its description of shipping costs is there mention of a "processing" or "handling" fee of any kind.  A search of the words "Processing Fee" on Lens.com's website yields no information.

**The Proliferation of Junk Fees in Online Consumer Transactions**

11.     Retailers, like Lens.com, are increasingly charging consumers "junk fees" in online transactions to increase profits.  "Junk Fees" are defined by the Federal Trade Commission as "unnecessary, unavoidable, or surprise charges that inflate costs while adding little to no value." The FTC notes that "[c]onsumers can get hit with junk fees at any stage of the purchase or payment process. Companies often harvest junk fees by imposing them on captive consumers or by deploying digital dark patterns and other tricks to hide or mask them." https://www.ftc.gov/news-events/news/press-releases/2022/10/federal-trade-commission-explores-rule-cracking-down-junk-fees.

12.     Common junk fees are convenience fees, processing fees, resort fees, service fees and overdraft fees.  The White House recently issued a junk fee guide for the states noting how junk fees have overrun the American economy and are "often not disclosed upfront and only revealed after a consumer has decided to buy something, obscure true prices and dilute the forces

3

of market competition that are the bedrock of the U.S. economy."
https://www.whitehouse.gov/wp-content/uploads/2023/03/WH-Junk-Fees-Guide-for-States.pdf

**Lens.com's Sales Practices and Junk Fees**

13.     Lens.com's marketing materials state that "we don't bury the cost of shipping in every box we sell. We are completely transparent and let you decide what's best for you. We offer you reliable shipping at extremely competitive prices/rates. You will be able to select the best method for your personal needs at checkout."

14.     Despite these claims, Lens.com packs a junk fee into its transactions which it describes after the point of purchase as a "processing fee." This processing fee is separate from its shipping fee, which in the Plaintiff's case was either free or $7.95.

15.     Lens.com fails to disclose or itemize its processing fee during online transactions and inflates the total transaction price by the amount of the hidden processing fee at the end of the transaction when a consumer's credit card is being processed. These hidden fees add to the total product price but are not disclosed at any point in the cycle of the transaction, in marketing materials, frequently asked questions on Lens.com's website or in product pricing disclosures.

16.     In some transactions, Lens.com never discloses the existence or amount of its processing fee. In other transactions the hidden fees are only disclosed on a packing slip provided to the consumer when the product is delivered. In those circumstances, the hidden fees are listed as "PROCESSING" or as "Shipping & Handling" fees.

17.     The amount of the processing fee charged by Lens.com varies greatly and from transaction to transaction. The Plaintiff's processing fees were $55.97, $22.57 and $5.21.

18.     Numerous online complaints made by Lens.com customers describe processing fees that are over $100. The below listed consumer complaints made to Complaints Board, an

4

online consumer complaint center, describe Lens.com's surprise processing fee. Each consumer referenced below contacted the Defendant's customer service line to complain about the processing fee and, accordingly, these complaints constitute notice and knowledge to the Defendant of the unfair and deceptive nature of their processing and other fees. The online complaints state in relevant part:

> **Processing Fees**
> Contact lenses were ordered for my child over the phone in February of 2021. The bill received did not break out the $103 processing fee for an order of $107 in contacts. The processing fee did not include shipping fees. This was discovered when trying to tally the order for reimbursement by the child's father months later and the lens cost did not add up to the total. When contacting the company the only adjustment offered was a $7.95 shipping credit. The price of contacts was severely misrepresented due to the arbitrary and, per customer service, ever changing "processing fees". (Chobbs 1411 of US; August 27, 2021)
>
> **Lens.com review: Astronomical processing fee for contact lens order.**
> Customer since 2014... Last order placed 12/26/2020 and was charged processing fee of $110.38... I immediately contacted the company and was simply told "that was their processing fee"... I escalated the issue as I have never paid more than $35.96 for a processing fee (last order was 8/2020 and fee was $29.54)... Continued to reach out via email and was finally told on Jan 3rd that my complaint was escalated to leadership... I reached out again on Jan 11, 12 and now this morning and have never been contacted back... I am now in the process of disputing charge with the credit card company... I have included the processing fees paid so you can see for yourself the ridiculous amount charged this last order:
>
>> 4-2014 $18.16
>> 3-2015 $26.47
>> 8-2015 $26.11
>> 9-2016 $35.96
>> 9-2017 $25.51
>> 9-2018 $25.99
>> 12-2019 $27.51
>> 8-2020 $29.54
>> 12-2020 $110.38
>
> I understand I owe for the contacts but I refuse to pay that amount for processing! (juhnklo of US; January 15, 2021)

Case 2:24-cv-01151-JAD-NJK Document 15 Filed 04/25/24 Page 101 of 141
perior Court - Suffolk
icket Number 2484CV00531
Case 1:24-cv-11110 Document 1-1 Filed 04/25/24 Page 6 of 14

**Extraordinarily high processing fee.**
On July 7, 2023, I submitted an order and paid $220 for 4 boxes of contacts. A bargain so I thought, because I would also get a $75 rebate. Again, so I thought. Imagine my surprise when I see I was charged $330 for my order due to a huge $120 processing fee. Apparently the 'submit order' button appears before the processing fee (which requires you to scroll down past the submit order so you don't see the additional fee.) It doesn't appear on the consumers invoice on their site, but somehow when you questions it, the Customer service people are able to produce an invoice showing the fee. They claim it is automatically added 'by the system' and they cannot refund any portion of it. The processing fee was more than 50% of my total purchase and in reading the complaints about them, they take so long to issue the $75 rebate that the expiration date is so close or past, rendering it useless as it is a visa gift card. These complaints date back to 2014 and nothing has changed. Below is the invoice AFTER the order was submitted. (K. Lennon, Rochdale, MA; July 18, 2023)

**Lens.com added 85% to my order in "tax & fees"**
I intended to purchase 4 boxes of contact lenses at $31.74 per box. They advertised $9.24 per box if I ordered 8 boxes, which would have been $73.92, instead of $253. 92. When I clicked "checkout" the total was$485.79! They added $213.92 in "tax & fees", which is an additional 85%.

I clicked the "chat 24/7" line and the rep did everything possible to avoid explaining what "fees" were, since tax would be no more than $22 in any state. I had to ask SIX TIMES, but he finally was forced to admit that "fees" were: "This includes calling your doctor on your behalf, doctor's fees since we need to verify your prescription, and handling and processing your order. If the customer has a valid prescription, there is no need to call the doctor. Tax would have been $20 so the "rebate" which was applied to the order, tax and their undisclosed "fees" added 85% to the cost of the order. I told them that was fraud and they lost my business. (Gail Reznik of US; March 26, 2023)

**Hidden taxes and fees**
When I went to re-order my contacts at Lens.com I noticed advertised pricing and total cost didn't add up. I went to order my 8 boxes so I would get the $160 RB. Listed at $42.79 per box before RB (22.79 after RB) times the required 8 boxes = 342.32 ($182.32 after RB)plus $9.95 Shipping. This should make for a grand total of $352.27( before RB). At check out total came up as $566.19! Call Lens.com, spoke with a rep. I was told to go back to the shipping page, there they show a "Taxes & fees" of 213.92! Contacts are NOT taxable! They are a rip off company with miss leading and Illegal sales tactics. I've used them several times in the past and had not been charged these taxes & fees, I will no longer purchase from them and will

6

tell others of my bad experience. (Sharon McD of Levittown, US; March 1, 2023.

**Lens.com review: Deceptive fees and rebate hurdles**
Customer since 2014, but noticed a huge disparity in cost when initiating my most recent order. Without a rebate, they show $72.24 per 90-lens box of 1-day lenses. Buy 8 boxes and the price (after rebate) is shown as $35.99 and rebate as $290. Great. The next screen in the checkout asks you to confirm where you want the boxes sent with a 'continue' button below it. When you accidentally scroll below that, you see a blowout of the order, with a whopping $241.92 in taxes and fees that "are compensation for servicing your order". That's the only place they show the added taxes/fees. If you click 'continue' and approve where to send the boxes, you miss that, because the final checkout screen never shows that added charge in its summary of your order. ... This is deceptive. (eyecu of Seattle, US; January 12, 2023)

**Ridiculous fee added without my knowledge**
I just learned that they added a $50 fee for for processing on an $80 order. And the customer rep could not explain what the processing fee was for. What a ripoff! (thomassu of Centerville, US; December 5, 2022)

19.     These consumer complaints describe in detail the repeated notice that Lens.com has received from consumers about its hidden processing fees and demonstrate its continued use of unfair and deceptive acts and practices to create revenue from junk fees.

### Plaintiff's Transactions

20.     Plaintiff's transactions with Lens.com highlight the deceptive nature of Lens.com's business practices. In August 2019, Plaintiff ordered three boxes of contact lenses for a total price of $77.29 with free shipping. The subtotal that was charged to Plaintiff, however, was $82.50, which included a $5.21 undisclosed processing charge. The "processing fee" was only disclosed on the packing form delivered with the contact lenses.

21.     Likewise, in May 2020, Plaintiff ordered three boxes of contact lenses for a total price of $141.48 with free shipping. The subtotal that was charged to Plaintiff, however, was

$164.05, which thus included a $22.57 undisclosed processing charge. The packing form received when the contact lenses were delivered indicated a charge of $30.52 for "shipping & Handling."

22.     Similarly, in April 2021, Plaintiff ordered three boxes of contact lenses with a total price of $55.97 and free shipping. However, the subtotal charged to Plaintiff was $111.97 and thus included an undisclosed processing charge of $55.97. The one-page packing form received when the contact lenses were delivered did not itemize the transaction charges or disclose the amount of the processing fee.

23.     Plaintiff ultimately complained to Lens.com about the processing charges and was told that the processing fee used to be disclosed on the website but had been removed, there had been recent changes to the website but the fee was still not disclosed, the failure to disclose the processing fee has been reported to IT by several other agents and that Lens.com was trying to get that back up on the website.

## CLASS ACTION ALLEGATIONS

24.     Pursuant to Massachusetts Rule of Civil Procedure 23, Plaintiff brings this class action individually and on behalf of the following proposed class of persons, initially defined as:

All consumers who purchased contact lenses in Massachusetts and were charged a processing or handling fee with their contact lens order in the six years preceding the filing of this Complaint. (hereinafter the "Class").

The Class does not include Defendant; any affiliate, parent or subsidiary of Defendant; any entity in which Defendant has a controlling interest; any officer, director or employee of Defendant; any successor or assign of Defendant; Plaintiff's counsel or anyone employed by Plaintiff's counsel in this action and their immediate families; any judge to whom this case is assigned and any member

8

of his/her immediate family and staff; governmental entities; or individuals who have personal injury claims as a result of conduct and/or defects alleged herein.

25.     Plaintiff reserves the right to amend or supplement the Class descriptions with greater specificity or further division into subclasses or limitation to certain issues, after conducting discovery in this matter. Plaintiff also reserves the right to amend or supplement the proposed Class after conducting discovery in this matter.

### Rule 23 Class Certification Requirements

26.     **Numerosity of the Class** – The members of the Class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believe that Lens.com processed tens or hundreds of thousands of contact lens orders and included an undisclosed processing fee with those orders. Adjudication of the claims in a class action context will provide substantial benefits to the parties and the Court.

27.     **Commonality and Predominance** – Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members, as is required by Mass. R. Civ. P. 23(a)(2) and (b)(3). These common questions include, but are not limited to:

   a) whether Lens.com engaged in the conduct alleged herein;

   b) whether Defendant failed to adequately disclose a processing and/or handling fee prior to the completion of an online order for contact lenses;

   c) whether Defendant's undisclosed processing and/or handling fee inflated the product price;

   d) whether Defendant's processing and/or handling fees exceeded actual costs and constituted a hidden profit for Defendant;

   e) whether Plaintiff and Class Members suffered out-of-pocket losses as a result of Defendant's actions and/or inactions alleged herein, and if so, how much;

          f)   whether Plaintiff and Class Members will suffer out-of-pocket losses as a result of Defendant's alleged actions and/or inactions alleged herein, and if so, how much.

28.    **Typicality** – The claims of the representative Plaintiff are typical of the claims of each member of the Class, thus satisfying Mass. R. Civ. P. 23(a)(3). Plaintiff, like all other members of the Class, have sustained damages arising from Lens.com's violations of the laws, as alleged herein. The representative Plaintiff and the members of the Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic, and pervasive pattern of misconduct engaged in by Lens.com. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of all other members of the Class.

29.    **Adequacy** – The representative Plaintiff will fairly and adequately represent and protect the interests of the Class Members and have retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation, thus satisfying Mass. R. Civ. P. 23(a)(4). There are no material conflicts between the claims of the representative Plaintiff and the members of the Class that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class members.

30.    **Declaratory or Injunctive Relief** – Lens.com has acted and refused to act on grounds generally applicable to Plaintiff and Members of the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate regarding the Class as a whole. Mass. R. Civ. P. 23(b)(2).

31.    **Superiority** – This suit may be maintained as a class action under Mass. R. Civ. P. 23(b)(3), because a class action is superior to any other available means for the fair and efficient adjudication of this dispute and no unusual difficulties are likely to be encountered in its management of this class action. The damages suffered by individual class members are small in comparison to the burden and expense of individually litigating each claim and based on the

complex and extensive litigation needed to address Spirit's conduct. Further, it would be virtually impossible for the Class Members to individually redress effectively the wrongs done to them. Even if Class Members themselves could afford such individual litigation, the court system could not. In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from complex legal and factual issues of the case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

32.    **Ascertainability:** Upon information and belief, the precise number of Class Members may be ascertained from Lens.com's records. Plaintiff contemplates the eventual issuance of notice to the proposed Class members setting forth the nature of the instant action. Upon information and belief, Class members may be notified of this action by recognized, Court approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, social media, and published notices, in addition to Lens.com's own business records.

## COUNT I
## BREACH OF CONTRACT

33.    Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 as though fully stated herein.

34.    Plaintiff's and other Class members' purchase of contact lenses constituted a contract between them and Lens.com, namely through the terms and conditions on the Lens.com

11

site. The terms and conditions do not mention a processing charge for online orders of contact lenses.

35.     Plaintiff and the Class Members performed all requirements under their agreements with Lens.com, namely the payment of the amount charged by Lens.com for the order.

36.     Lens.com breached its agreement with Plaintiff and the Class Members when it charged a hidden processing fee in connection with the contact lens orders.

37.     Plaintiff and members of the Class have suffered an injury through the payment of the processing fee.

38.     Plaintiff and Class members are therefore entitled to all incidental, consequential, and indirect damages resulting from Lens.com's breach of contract. Lens.com's breach caused damages to Plaintiff and the Class Members.

39.     Plaintiff and the Class Members seek to recover all permitted damages and their attorneys' fees caused by Defendant's breach.

## COUNT II
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

40.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 as though fully stated herein.

41.     The Defendant had an obligation to exercise of duty of good faith and fair dealing when transacting business with Plaintiff and the Class.

42.     The Plaintiff and the Class made purchases at Lens.com's online website. Lens.com advertised, disclosed and charged a specific price for each contact lens purchase. It claimed that it had the lowest contact lens prices.

43.     However, the Defendant, as matter a pattern and practice, assessed hidden junk fees to consumer's transaction which it labeled as processing and/or handling fees. These fees were not described on the Defendant's website or as part of the sale.

44.     In addition, these junk fees varied from transaction to transaction.

45.     The junk fees were charged to Plaintiff's credit and debit cards, thereby driving up the actual costs of their contact lens purchases.

46.     Lens.com used these hidden fees, which do not purport to approximate actual expenses incurred, as a hidden profit center. Not including these hidden fees in the product price allowed Lens.com to falsely claim that it had the lowest prices.

47.     Lens.com's pattern and practice of charging its consumers hidden junk fees in its transactions constituted a breach of the duty of good faith and fair dealing it owed to consumers as part of the transactions.

48.     As a direct and proximate result of the Defendant's acts and/or omissions, the Plaintiff and the Class suffered damages.

## COUNT III
## UNJUST ENRICHMENT

49.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 as though fully stated herein.

50.     Plaintiff and the Class Members conferred substantial benefits on Lens.com by purchasing contact lenses and by paying processing charges to Lens.com.

51.     Lens.com knowingly and willingly accepted and enjoyed those benefits. Lens.com's retention of these benefits is inequitable and would be against good conscience

52.     As a direct and proximate cause of Lens.com's unjust enrichment, Plaintiff and the Class Members are entitled to restitution, attorneys' fees, costs and interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, pray for a judgment against Defendant as follows:

a. For an order certifying the Class, appointing Plaintiff as Representative of the Class, and appointing the law firm representing Plaintiff as counsel for the Class;

b. For compensatory damages and/or restitution or refund of all funds acquired by Lens.com from Plaintiff and the Class Members as a result of the Company's unlawful, unfair, deceptive and unconscionable practices described herein in an amount to be proven at trial;

c. For compensatory damages caused by Lens.com's breach of contract with Plaintiff and the Class Members to the extent permitted by law in an amount to be proven at trial;

d. Both pre-and post-judgment interest on any amounts awarded;

e. Payment of reasonable attorneys' fees and costs as allowed by law;

f. Such other and further relief as the Court may deem just and proper.

### **JURY DEMAND**

The Plaintiff requests a trial by jury on all claims.

On behalf of the Plaintiff and the Putative Class,

*/s/ Carlin J. Phillips*

Carlin Phillips, BBO# 561916
Andrew J. Garcia, BBO# 559084
PHILLIPS & GARCIA, P.C.
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (fax)
cphillips@phillipsgarcia.com

| **Summons** | CIVIL DOCKET NO.  2484CV00531-BLS2 | **Trial Court of Massachusetts**  **The Superior Court** | |
|---|---|---|---|
| CASE NAME:  Angela Gonneville, individually and on behalf of all others similarly situated,   Plaintiff(s)   vs.  Lens.com, Inc.   Defendant(s) | | John E. Powers III  Suffolk | Acting  Clerk of Courts  County |
| | | COURT NAME & ADDRESS:  Suffolk Superior Civil Court  Three Pemberton Square  Boston, MA. 02108 | |

THIS SUMMONS IS DIRECTED TO _____Lens.com, Inc._____ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the Suffolk County Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk County Superior Court Business Litigation Session #2, Room 1017, 3 Pemberton Sq., Boston, MA 02108 (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address: Carlin J. Phillips, Esq., Phillips & Garcia, P.C. 13 Ventura Drive, Dartmouth, MA 02747

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury tria in your Court no more than 10 days after sending your Answer.

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti _____ , Chief Justice on _____ , 20_____ . (Seal)

Acting Clerk

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____     Signature: _____

**N.B.  TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

perior Court - Suffolk Case 2:24-cv-01151-JAD-NJK Document 13 Filed 04/29/24 Page 2 of 1 12 of 141
cket Number 2484CV00531

4

## AFFIDAVIT OF SERVICE

| Case:<br>2484CV00531-BLS2 | Court:<br>Suffolk Superior Civil Court | County:<br>, MA | Job:<br>10757417 (22544865) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Angela Gonneville | | Defendant / Respondent:<br>Lens.com, Inc. | |
| Received by:<br>One Legal, an InfoTrack Company | | For:<br>Phillips Garcia Law | |
| To be served upon:<br>Lens.com, Inc. | | | |

| | |
|---|---|
| **Recipient Name:** | Karen Scott |
| **Recipient Address:** | Business: 4730 S Fort Apache Rd Suite 300, Las Vegas, NV 89147 |
| **Manner of Service:** | Business Serve, Mar 28, 2024, 8:59 am PDT |
| **Documents:** | Summons, Class Action Complaint, Civil Action Cover Sheet, Notice of Acceptance into Business Litigation Session (BLS2), Demand Pursuant to Massachusetts General Law Chapter 93A Section 9 |

**Diligence / Comments:**
1) Successful Attempt: Mar 28, 2024, 8:59 am PDT at Business: 4730 S Fort Apache Rd Suite 300, Las Vegas, NV 89147 received by Karen Scott. Age: 55-60; Ethnicity: African American; Gender: Female; Weight: 150; Height: 5'4"; Hair: Black; Eyes: Black; Other: Served registered agent authorized except Documents, Karen Scott;

**Statement(s):**
I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

_____     03/29/2024

Reggie Mitchell                                   **Date**
Registration: R-2019-12597

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA 94954
800-938-8815

Superior Court - Suffolk
Docket Number 2484CV00531

Case 2:24-cv-01151-JAD-NJK   Document 5   Filed 04/29/24   Page 113 of 141
Case 1:24-cv-11110   Document 1-4   Filed 04/25/24   Page 9 of 26

# 2484CV00531 Angela Gonneville, individually and on behalf of all others similarly situated vs. Lens.com

- Case Type:
- Business Litigation
- Case Status:
- Open
- File Date
- 02/23/2024
- DCM Track:
- B - Special Track (BLS)
- Initiating Action:
- Complex Unfair Trade Practices
- Status Date:
- 02/23/2024
- Case Judge:
- 
- Next Event:
- 08/28/2024

All Information    Party    Event    Docket    Disposition

## Party Information

**Angela Gonneville, individually and on behalf of all others similarly situated**
- Plaintiff

Alias

**Party Attorney**
- Attorney
- Garcia, Esq., Andrew J
- Bar Code
- 559084
- Address
- Phillips and Garcia, PC
  13 Ventura Drive
  North Dartmouth, MA  02747
- Phone Number
- (508)998-0800
- Attorney
- Phillips, Esq., Carlin John
- Bar Code
- 561916
- Address
- Phillips and Garcia, PC
  13 Ventura Drive
  Dartmouth, MA  02747
- Phone Number
- (508)998-0800

More Party Information

**Lens.com**
- Defendant

Alias                               **Party Attorney**

More Party Information

## Events

| Date | Session | Location | Type | Event Judge | Result |
|------|---------|----------|------|-------------|--------|

| Date | Session | Location | Type | Event Judge | Result |
|------|---------|----------|------|-------------|--------|
| 08/28/2024 02:00 PM | Business Litigation 2 | BOS-10th FL, CR 1017 (SC) | BLS Rule 16 Litigation Control Conference | Squires-Lee, Hon. Debra A | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|-------------|-------------|---------------|--------------|
| 02/23/2024 | Complaint electronically filed. | 1 | Image |
| 02/23/2024 | Civil action cover sheet filed. | 2 | Image |
| 02/23/2024 | Attorney appearance On this date Carlin John Phillips, Esq. added for Plaintiff Angela Gonneville, individually and on behalf of all others similarly situated | | |
| 02/23/2024 | Attorney appearance On this date Andrew J Garcia, Esq. added for Plaintiff Angela Gonneville, individually and on behalf of all others similarly situated | | |
| 02/26/2024 | Docket Note: (1) summons sent by mail. Applies To: Garcia, Esq., Andrew J (Attorney) on behalf of Angela Gonneville, individually and on behalf of all others similarly situated (Plaintiff) | | |
| 02/26/2024 | General correspondence regarding Notice of Acceptance into Business Litigation Session Accepted into BLS2 (Dated 2/26/2024) Notice sent 2/26/2024 | 3 | Image |
| 03/13/2024 | The following form was generated: Notice to Appear - BLS Sent On: 03/13/2024 11:45:29 | | |
| 04/02/2024 | Service Returned for Applies To: Lens.com (Defendant) | 4 | Image |
| 04/04/2024 | Plaintiff Angela Gonneville, individually and on behalf of all others similarly situated's Assented to Motion for Extension Of Time To Respond To The Complaint | 5 | Image |
| 04/09/2024 | Endorsement on Motion for extension of time to respond to the complaint (#5.0): ALLOWED Allowed to May 17, 2024. (dated 4/8/2024) Notice sent 4/9/24 | | Image |
| 04/23/2024 | The following form was generated: Notice to Appear - BLS Sent On: 04/23/2024 14:44:28 | | |

## Case Disposition

| Disposition | Date | Case Judge |
|-------------|------|------------|
| Pending | | |

perior Court - Suffolk Case 2:24-cv-03451-JAD-NJK Document 1-5 Filed 04/29/24 Page 306 of 141
cket Number 2484CV00631 Case 1:24-cv-11210 Document 1-5 Filed 04/25/24 Page 115 of 141

1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
BUSINESS LITIGATION SESSION

|  |  |
|---|---|
| ANGELA GONNEVILLE, individually and on behalf of all others similarly situated | ) ) ) ) |
| Plaintiff | ) ) ) |
| v. | ) ) |
| LENS.COM, INC. | ) ) |
| Defendant | ) ) ) |

CIVIL ACTION NO.

kg

## CLASS ACTION COMPLAINT

Plaintiff, Angela Gonneville, individually and on behalf of all others similarly situated,
brings this Class Action Complaint for damages for unfair and deceptive sales practices committed
by Defendant, Lens.com, Inc.

### INTRODUCTION

1.      This is a consumer class action case involving an undisclosed junk fee that
Lens.com charges as part of online contact lens orders.  More particularly, Lens.com adds an
undisclosed and non-itemized "processing charge" to contact lens orders after customers have
already filled out the details of their contact lens orders.  Lens.com has received numerous
complaints regarding this undisclosed charge.

2.      Plaintiff seeks to represent a class of consumers in Massachusetts who have paid
an undisclosed processing or handling charge on their contact lens order.  Given the amount of the

fees at issue and given the number of potential consumers impacted, a class action is the most judicially efficient manner of adjudicating this dispute.

## PARTIES, JURISDICTION AND VENUE

3.      Plaintiff, Angela Gonneville ("Plaintiff" or "Ms. Gonneville"), is an individual who resides in Massachusetts.

4.      Defendant, Lens.com, Inc. ("Lens.com" or "Defendant"), is a Nevada corporation with its principal place of business in the State of Missouri.

5.      The Court has original jurisdiction over the civil claims alleged in Plaintiff's Complaint pursuant to M.G.L. ch. 212 § 4.

6.      This Court has personal jurisdiction over Lens.com pursuant to M.G.L. ch. 223 § 3 because Lens.com conducts significant business in Massachusetts, namely through the marketing, advertising, selling and delivery of contacts lens products in Massachusetts to consumers such as Plaintiff.

7.      Likewise, venue is proper here as the defendant markets, advertises, sells and delivers contacts lens products to Massachusetts consumers in this county.

## FACTUAL BACKGROUND

### The Business of Lens.com

8.      Lens.com is an online seller of contact lenses and claims that it provides consumers "the best way to buy contact lenses - better than your eye doctor, better than big box, better than other websites." Lens.com further claims that it offers the lowest prices of any contact lens seller online or in-store and that most orders ship within 24 hours.

9.      Lens.com markets its contact lenses as having "Year Round *Unbeatable* Prices." On its website it states that it has delivered over 691 million contact lenses. It further touts that,

2

"With over 35 Million contact lenses in stock, we immediately fill your order with your exact prescription."

10.    In a FAQ (frequently asked question) on its website entitled, "How much does shipping cost?", Lens.com states: "At Lens.com we don't bury the cost of shipping in every box we sell. We are completely transparent and let you decide what's best for you. We offer you reliable shipping at extremely competitive prices/rates. You will be able to select the best method for your personal needs at checkout." It then includes a chart of shipping costs within the United States, Canada and Internationally.  Nowhere under its description of shipping costs is there mention of a "processing" or "handling" fee of any kind.  A search of the words "Processing Fee" on Lens.com's website yields no information.

**The Proliferation of Junk Fees in Online Consumer Transactions**

11.    Retailers, like Lens.com, are increasingly charging consumers "junk fees" in online transactions to increase profits.  "Junk Fees" are defined by the Federal Trade Commission as "unnecessary, unavoidable, or surprise charges that inflate costs while adding little to no value." The FTC notes that "[c]onsumers can get hit with junk fees at any stage of the purchase or payment process. Companies often harvest junk fees by imposing them on captive consumers or by deploying digital dark patterns and other tricks to hide or mask them." https://www.ftc.gov/news-events/news/press-releases/2022/10/federal-trade-commission-explores-rule-cracking-down-junk-fees.

12.    Common junk fees are convenience fees, processing fees, resort fees, service fees and overdraft fees.  The White House recently issued a junk fee guide for the states noting how junk fees have overrun the American economy and are "often not disclosed upfront and only revealed after a consumer has decided to buy something, obscure true prices and dilute the forces

of market competition that are the bedrock of the U.S. economy."
https://www.whitehouse.gov/wp-content/uploads/2023/03/WH-Junk-Fees-Guide-for-States.pdf

**Lens.com's Sales Practices and Junk Fees**

13.     Lens.com's marketing materials state that "we don't bury the cost of shipping in every box we sell. We are completely transparent and let you decide what's best for you. We offer you reliable shipping at extremely competitive prices/rates. You will be able to select the best method for your personal needs at checkout."

14.     Despite these claims, Lens.com packs a junk fee into its transactions which it describes after the point of purchase as a "processing fee." This processing fee is separate from its shipping fee, which in the Plaintiff's case was either free or $7.95.

15.     Lens.com fails to disclose or itemize its processing fee during online transactions and inflates the total transaction price by the amount of the hidden processing fee at the end of the transaction when a consumer's credit card is being processed. These hidden fees add to the total product price but are not disclosed at any point in the cycle of the transaction, in marketing materials, frequently asked questions on Lens.com's website or in product pricing disclosures.

16.     In some transactions, Lens.com never discloses the existence or amount of its processing fee. In other transactions the hidden fees are only disclosed on a packing slip provided to the consumer when the product is delivered. In those circumstances, the hidden fees are listed as "PROCESSING" or as "Shipping & Handling" fees.

17.     The amount of the processing fee charged by Lens.com varies greatly and from transaction to transaction. The Plaintiff's processing fees were $55.97, $22.57 and $5.21.

18.     Numerous online complaints made by Lens.com customers describe processing fees that are over $100. The below listed consumer complaints made to Complaints Board, an

4

online consumer complaint center, describe Lens.com's surprise processing fee. Each consumer

referenced below contacted the Defendant's customer service line to complain about the

processing fee and, accordingly, these complaints constitute notice and knowledge to the

Defendant of the unfair and deceptive nature of their processing and other fees. The online

complaints state in relevant part:

### Processing Fees

Contact lenses were ordered for my child over the phone in February of 2021. The bill received did not break out the $103 processing fee for an order of $107 in contacts. The processing fee did not include shipping fees. This was discovered when trying to tally the order for reimbursement by the child's father months later and the lens cost did not add up to the total. When contacting the company the only adjustment offered was a $7.95 shipping credit. The price of contacts was severely misrepresented due to the arbitrary and, per customer service, ever changing "processing fees". (Chobbs 1411 of US; August 27, 2021)

### Lens.com review: Astronomical processing fee for contact lens order.

Customer since 2014... Last order placed 12/26/2020 and was charged processing fee of $110.38... I immediately contacted the company and was simply told "that was their processing fee"... I escalated the issue as I have never paid more than $35.96 for a processing fee (last order was 8/2020 and fee was $29.54)... Continued to reach out via email and was finally told on Jan 3rd that my complaint was escalated to leadership... I reached out again on Jan 11, 12 and now this morning and have never been contacted back... I am now in the process of disputing charge with the credit card company... I have included the processing fees paid so you can see for yourself the ridiculous amount charged this last order:

> 4-2014 $18.16
> 3-2015 $26.47
> 8-2015 $26.11
> 9-2016 $35.96
> 9-2017 $25.51
> 9-2018 $25.99
> 12-2019 $27.51
> 8-2020 $29.54
> 12-2020 $110.38

I understand I owe for the contacts but I refuse to pay that amount for processing! (juhnklo of US; January 15, 2021)

5

**Extraordinarily high processing fee.**
On July 7, 2023, I submitted an order and paid $220 for 4 boxes of contacts. A bargain so I thought, because I would also get a $75 rebate. Again, so I thought. Imagine my surprise when I see I was charged $330 for my order due to a huge $120 processing fee. Apparently the 'submit order' button appears before the processing fee (which requires you to scroll down past the submit order so you don't see the additional fee.) It doesn't appear on the consumers invoice on their site, but somehow when you questions it, the Customer service people are able to produce an invoice showing the fee. They claim it is automatically added 'by the system' and they cannot refund any portion of it. The processing fee was more than 50% of my total purchase and in reading the complaints about them, they take so long to issue the $75 rebate that the expiration date is so close or past, rendering it useless as it is a visa gift card. These complaints date back to 2014 and nothing has changed. Below is the invoice AFTER the order was submitted. (K. Lennon, Rochdale, MA; July 18, 2023)

**Lens.com added 85% to my order in "tax & fees"**
I intended to purchase 4 boxes of contact lenses at $31.74 per box. They advertised $9.24 per box if I ordered 8 boxes, which would have been $73.92, instead of $253. 92. When I clicked "checkout" the total was$485.79! They added $213.92 in "tax & fees", which is an additional 85%.

I clicked the "chat 24/7" line and the rep did everything possible to avoid explaining what "fees" were, since tax would be no more than $22 in any state. I had to ask SIX TIMES, but he finally was forced to admit that "fees" were: "This includes calling your doctor on your behalf, doctor's fees since we need to verify your prescription, and handling and processing your order. If the customer has a valid prescription, there is no need to call the doctor. Tax would have been $20 so the "rebate" which was applied to the order, tax and their undisclosed "fees" added 85% to the cost of the order. I told them that was fraud and they lost my business. (Gail Reznik of US; March 26, 2023)

**Hidden taxes and fees**
When I went to re-order my contacts at Lens.com I noticed advertised pricing and total cost didn't add up. I went to order my 8 boxes so I would get the $160 RB. Listed at $42.79 per box before RB (22.79 after RB) times the required 8 boxes = 342.32 ($182.32 after RB)plus $9.95 Shipping. This should make for a grand total of $352.27( before RB). At check out total came up as $566.19! Call Lens.com, spoke with a rep. I was told to go back to the shipping page, there they show a "Taxes & fees" of 213.92! Contacts are NOT taxable! They are a rip off company with miss leading and Illegal sales tactics. I've used them several times in the past and had not been charged these taxes & fees, I will no longer purchase from them and will

tell others of my bad experience. (Sharon McD of Levittown, US; March 1, 2023.

**Lens.com review: Deceptive fees and rebate hurdles**
Customer since 2014, but noticed a huge disparity in cost when initiating my most recent order. Without a rebate, they show $72.24 per 90-lens box of 1-day lenses. Buy 8 boxes and the price (after rebate) is shown as $35.99 and rebate as $290. Great. The next screen in the checkout asks you to confirm where you want the boxes sent with a 'continue' button below it. When you accidentally scroll below that, you see a blowout of the order, with a whopping $241.92 in taxes and fees that "are compensation for servicing your order". That's the only place they show the added taxes/fees. If you click 'continue' and approve where to send the boxes, you miss that, because the final checkout screen never shows that added charge in its summary of your order. ... This is deceptive. (eyecu of Seattle, US; January 12, 2023)

**Ridiculous fee added without my knowledge**
I just learned that they added a $50 fee for for processing on an $80 order. And the customer rep could not explain what the processing fee was for. What a ripoff! (thomassu of Centerville, US; December 5, 2022)

19.     These consumer complaints describe in detail the repeated notice that Lens.com has received from consumers about its hidden processing fees and demonstrate its continued use of unfair and deceptive acts and practices to create revenue from junk fees.

**Plaintiff's Transactions**

20.     Plaintiff's transactions with Lens.com highlight the deceptive nature of Lens.com's business practices.  In August 2019, Plaintiff ordered three boxes of contact lenses for a total price of $77.29 with free shipping.  The subtotal that was charged to Plaintiff, however, was $82.50, which included a $5.21 undisclosed processing charge.  The "processing fee" was only disclosed on the packing form delivered with the contact lenses.

21.     Likewise, in May 2020, Plaintiff ordered three boxes of contact lenses for a total price of $141.48 with free shipping.  The subtotal that was charged to Plaintiff, however, was

$164.05, which thus included a $22.57 undisclosed processing charge. The packing form received when the contact lenses were delivered indicated a charge of $30.52 for "shipping & Handling."

22. Similarly, in April 2021, Plaintiff ordered three boxes of contact lenses with a total price of $55.97 and free shipping. However, the subtotal charged to Plaintiff was $111.97 and thus included an undisclosed processing charge of $55.97. The one-page packing form received when the contact lenses were delivered did not itemize the transaction charges or disclose the amount of the processing fee.

23. Plaintiff ultimately complained to Lens.com about the processing charges and was told that the processing fee used to be disclosed on the website but had been removed, there had been recent changes to the website but the fee was still not disclosed, the failure to disclose the processing fee has been reported to IT by several other agents and that Lens.com was trying to get that back up on the website.

## CLASS ACTION ALLEGATIONS

24. Pursuant to Massachusetts Rule of Civil Procedure 23, Plaintiff brings this class action individually and on behalf of the following proposed class of persons, initially defined as:
All consumers who purchased contact lenses in Massachusetts and were charged a processing or handling fee with their contact lens order in the six years preceding the filing of this Complaint. (hereinafter the "Class").

The Class does not include Defendant; any affiliate, parent or subsidiary of Defendant; any entity in which Defendant has a controlling interest; any officer, director or employee of Defendant; any successor or assign of Defendant; Plaintiff's counsel or anyone employed by Plaintiff's counsel in this action and their immediate families; any judge to whom this case is assigned and any member

8

of his/her immediate family and staff; governmental entities; or individuals who have personal injury claims as a result of conduct and/or defects alleged herein.

25.     Plaintiff reserves the right to amend or supplement the Class descriptions with greater specificity or further division into subclasses or limitation to certain issues, after conducting discovery in this matter.  Plaintiff also reserves the right to amend or supplement the proposed Class after conducting discovery in this matter.

### Rule 23 Class Certification Requirements

26.     **Numerosity of the Class** – The members of the Class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believe that Lens.com processed tens or hundreds of thousands of contact lens orders and included an undisclosed processing fee with those orders.  Adjudication of the claims in a class action context will provide substantial benefits to the parties and the Court.

27.     **Commonality and Predominance** – Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members, as is required by Mass. R. Civ. P. 23(a)(2) and (b)(3). These common questions include, but are not limited to:

a)   whether Lens.com engaged in the conduct alleged herein;

b)   whether Defendant failed to adequately disclose a processing and/or handling fee prior to the completion of an online order for contact lenses;

c)   whether Defendant's undisclosed processing and/or handling fee inflated the product price;

d)   whether Defendant's processing and/or handling fees exceeded actual costs and constituted a hidden profit for Defendant;

e)   whether Plaintiff and Class Members suffered out-of-pocket losses as a result of Defendant's actions and/or inactions alleged herein, and if so, how much;

Case 2:24-cv-01151-JAD-NJK Document 5 Filed 04/29/24 Page 124 of 141
perior Court - Suffolk Case 1:24-cv-11110 Document 1-4 Filed 04/23/24 Page 126 of 26
cket Number 2484CV00531

      f)   whether Plaintiff and Class Members will suffer out-of-pocket losses as a result of Defendant's alleged actions and/or inactions alleged herein, and if so, how much.

28.    **Typicality** – The claims of the representative Plaintiff are typical of the claims of each member of the Class, thus satisfying Mass. R. Civ. P. 23(a)(3). Plaintiff, like all other members of the Class, have sustained damages arising from Lens.com's violations of the laws, as alleged herein. The representative Plaintiff and the members of the Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic, and pervasive pattern of misconduct engaged in by Lens.com. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of all other members of the Class.

29.    **Adequacy** – The representative Plaintiff will fairly and adequately represent and protect the interests of the Class Members and have retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation, thus satisfying Mass. R. Civ. P. 23(a)(4). There are no material conflicts between the claims of the representative Plaintiff and the members of the Class that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class members.

30.    **Declaratory or Injunctive Relief** – Lens.com has acted and refused to act on grounds generally applicable to Plaintiff and Members of the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate regarding the Class as a whole. Mass. R. Civ. P. 23(b)(2).

31.    **Superiority** – This suit may be maintained as a class action under Mass. R. Civ. P. 23(b)(3), because a class action is superior to any other available means for the fair and efficient adjudication of this dispute and no unusual difficulties are likely to be encountered in its management of this class action. The damages suffered by individual class members are small in comparison to the burden and expense of individually litigating each claim and based on the

complex and extensive litigation needed to address Spirit's conduct. Further, it would be virtually impossible for the Class Members to individually redress effectively the wrongs done to them. Even if Class Members themselves could afford such individual litigation, the court system could not. In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from complex legal and factual issues of the case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

32.     **Ascertainability:** Upon information and belief, the precise number of Class Members may be ascertained from Lens.com's records. Plaintiff contemplates the eventual issuance of notice to the proposed Class members setting forth the nature of the instant action. Upon information and belief, Class members may be notified of this action by recognized, Court approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, social media, and published notices, in addition to Lens.com's own business records.

## COUNT I
## BREACH OF CONTRACT

33.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 as though fully stated herein.

34.     Plaintiff's and other Class members' purchase of contact lenses constituted a contract between them and Lens.com, namely through the terms and conditions on the Lens.com

11

site. The terms and conditions do not mention a processing charge for online orders of contact lenses.

35. Plaintiff and the Class Members performed all requirements under their agreements with Lens.com, namely the payment of the amount charged by Lens.com for the order.

36. Lens.com breached its agreement with Plaintiff and the Class Members when it charged a hidden processing fee in connection with the contact lens orders.

37. Plaintiff and members of the Class have suffered an injury through the payment of the processing fee.

38. Plaintiff and Class members are therefore entitled to all incidental, consequential, and indirect damages resulting from Lens.com's breach of contract. Lens.com's breach caused damages to Plaintiff and the Class Members.

39. Plaintiff and the Class Members seek to recover all permitted damages and their attorneys' fees caused by Defendant's breach.

## COUNT II
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

40. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 as though fully stated herein.

41. The Defendant had an obligation to exercise of duty of good faith and fair dealing when transacting business with Plaintiff and the Class.

42. The Plaintiff and the Class made purchases at Lens.com's online website. Lens.com advertised, disclosed and charged a specific price for each contact lens purchase. It claimed that it had the lowest contact lens prices.

43.     However, the Defendant, as matter a pattern and practice, assessed hidden junk fees to consumer's transaction which it labeled as processing and/or handling fees. These fees were not described on the Defendant's website or as part of the sale.

44.     In addition, these junk fees varied from transaction to transaction.

45.     The junk fees were charged to Plaintiff's credit and debit cards, thereby driving up the actual costs of their contact lens purchases.

46.     Lens.com used these hidden fees, which do not purport to approximate actual expenses incurred, as a hidden profit center. Not including these hidden fees in the product price allowed Lens.com to falsely claim that it had the lowest prices.

47.     Lens.com's pattern and practice of charging its consumers hidden junk fees in its transactions constituted a breach of the duty of good faith and fair dealing it owed to consumers as part of the transactions.

48.     As a direct and proximate result of the Defendant's acts and/or omissions, the Plaintiff and the Class suffered damages.

## COUNT III
## UNJUST ENRICHMENT

49.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 as though fully stated herein.

50.     Plaintiff and the Class Members conferred substantial benefits on Lens.com by purchasing contact lenses and by paying processing charges to Lens.com.

51.     Lens.com knowingly and willingly accepted and enjoyed those benefits. Lens.com's retention of these benefits is inequitable and would be against good conscience

52.     As a direct and proximate cause of Lens.com's unjust enrichment, Plaintiff and the Class Members are entitled to restitution, attorneys' fees, costs and interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, pray for a judgment against Defendant as follows:

a. For an order certifying the Class, appointing Plaintiff as Representative of the Class, and appointing the law firm representing Plaintiff as counsel for the Class;

b. For compensatory damages and/or restitution or refund of all funds acquired by Lens.com from Plaintiff and the Class Members as a result of the Company's unlawful, unfair, deceptive and unconscionable practices described herein in an amount to be proven at trial;

c. For compensatory damages caused by Lens.com's breach of contract with Plaintiff and the Class Members to the extent permitted by law in an amount to be proven at trial;

d. Both pre-and post-judgment interest on any amounts awarded;

e. Payment of reasonable attorneys' fees and costs as allowed by law;

f. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

The Plaintiff requests a trial by jury on all claims.

On behalf of the Plaintiff and the Putative Class,

*/s/ Carlin J. Phillips*

Carlin Phillips, BBO# 561916
Andrew J. Garcia, BBO# 559084
PHILLIPS & GARCIA, P.C.
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (fax)
cphillips@phillipsgarcia.com

perior Court - Suffolk Case 2:24-cv-01151-JAD-NJK Document 5 Filed 04/29/24 Page 129 of 141
cket Number 2484CV00531 Case 1:24-cv-11210 Document 1-4 Filed 04/25/24 Page 100 of 26

2

| CIVIL ACTION COVER SHEET | DOCKET NO(S) B.L.S. | Trial Court Of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|
| PLAINTIFF(S)<br>Angela Gonneville, indiv. and on behalf of all others similarly situated, | | DEFENDANT(S)<br>Lens.com, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Board of Bar Overseers number<br>Carlin J. Phillips, BBO 561916, PHILLIPS & GARCIA, P.C.,13 Ventura Drive, Dartmouth, MA 02747; 508-998-0800; cphillips@phillipsgarcia.com | | ATTORNEY (if known) |

Origin Code Original Complaint
BK1

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) CODE NO. TYPE OF ACTION (specify) TRACK IS THIS A JURY CASE? \_\_\_\_\_
_____ (B) ☑ Yes ☐ No

kg

# BKI   Consumer Class Action

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

This is a consumer class action case involving undisclosed junk fees that Lens.com, an online company that sells contact lenses at what it claims are the lowest prices, charges as part of online contact lens orders.  More particularly, Lens.com adds an undisclosed and non-itemized processing fee to online transactions which, in the plaintiff's case, varied from $55.97 to $22.57 to $5.21.  Despite numerous complaints from the Plaintiff and other consumers about undisclosed fees, Lens.com continued to charge consumers these fees in online transactions.  Per the FTC, junk fees inflate costs to consumers while adding little to no value and are often imposed on captive consumers by using tricks to hide or mask the fees, thereby inflating the purchase price and frustrating a consumer's ability to comparison shop based on price.  The nature, complexity, uniformity and scope of the issue surrounding the defendant's alleged use of undisclosed fees in its online transaction process warrants acceptance in this court.

\* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods." Signature of Attorney of Record_____
DATE: 2-22-24

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: **2484CV00531-BLS2**

Notice Sent
2/24/24
5 12

Case: Gonneville v. Lens.com, Inc.

## NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to **BLS2**.

Hereafter, as shown above, all parties must include the initials "**BLS2**" at the end of the docket number on all filings.

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process within the time limitation of Mass. R. Civ. P. 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to the appropriate BLS Session Clerk at Suffolk Superior Court, Three Pemberton Square, Boston, MA 02108.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel. Before the Rule 16 Conference, counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Project on Discovery (counsel are directed to www.mass.gov/superior-court-business-litigation-session for description of the Project). Counsel may indicate their respective client's participation by completing, filing, and serving the attached form. If by the date of the initial Rule 16 Conference, not all parties have given notice of their participation, counsel shall be prepared to discuss at that conference whether their clients will participate in the Project.

The Court requests that plaintiff's counsel serve on opposing parties a copy of this notice and the attached form.

Dated: February 26, 2024

/s/ Kenneth W. Salinger

Kenneth W. Salinger
Justice of the Superior Court &
Administrative Justice of the Business Litigation Session

## Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court – Business Litigation Session

CIVIL DOCKET#: _____

Case: _____

     As you may know, the Business Litigation Session began implementing a Discovery Project in January, 2010. This project is available on a voluntary basis for all new cases accepted into the BLS and for cases which have not previously had an initial case management conference. Counsel should be prepared to discuss the project with the Court at the initial case management conference. For a detailed copy of the BLS Discovery Project, counsel are directed to the Trial Court home page at: www.mass.gov/superior-court-business-litigation-session)

     If a party is willing to participate in the project, that party's counsel should so indicate below and return this form to the appropriate session clerk.

_____ (Check) **Yes,** _____ is willing to participate in the Discovery Project.
                          (Party's Name)

Case Name _____

Docket Number CIVIL DOCKET#: _____

Counsel For _____           Date _____

Firm Name and Address:

_____

_____

_____

Please complete this form and return it to:

| Assistant Clerk - BLS1 | **OR** | Assistant Clerk - BLS2 |
|---|---|---|
| BLS1, Room 1309 | | BLS2, Room 1017 |
| 3 Pemberton Square | | 3 Pemberton Square |
| Boston, MA 02108 | | Boston, MA 02108 |

- 2 -

## AFFIDAVIT OF SERVICE

| Case:<br>2484CV00531-BLS2 | Court:<br>Suffolk Superior Civil Court | County:<br>, MA | Job:<br>10757417 (22544865) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Angela Gonneville | | Defendant / Respondent:<br>Lens.com, Inc. | |
| Received by:<br>One Legal, an InfoTrack Company | | For:<br>Phillips Garcia Law | |
| To be served upon:<br>Lens.com, Inc. | | | |

**Recipient Name:**   Karen Scott

**Recipient Address:**   Business: 4730 S Fort Apache Rd Suite 300, Las Vegas, NV 89147

**Manner of Service:**   Business Serve, Mar 28, 2024, 8:59 am PDT

**Documents:**   Summons, Class Action Complaint, Civil Action Cover Sheet, Notice of Acceptance into Business Litigation Session (BLS2), Demand Pursuant to Massachusetts General Law Chapter 93A Section 9

**Diligence / Comments:**

1) Successful Attempt: Mar 28, 2024, 8:59 am PDT at Business: 4730 S Fort Apache Rd Suite 300, Las Vegas, NV 89147 received by Karen Scott. Age: 55-60; Ethnicity: African American; Gender: Female; Weight: 150; Height: 5'4"; Hair: Black; Eyes: Black; Other: Served registered agent authorized except Documents, Karen Scott;

**Statement(s):**

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

03/29/2024

Reggie Mitchell                    **Date**
Registration: R-2019-12597

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA 94954
800-938-8815

Case 1:24-cv-11210-JK Document 5 Filed 04/29/24 Page 1 of 26

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
BUSINESS LITIGATION SESSION

ANGELA GONNEVILLE, individually )
and on behalf of all others similarly situated, )
)
Plaintiff, )
)
v. )
)
LENS.COM, INC., )
)
Defendant. )

C.A. NO. 2484CV00531-BLS2

### ASSENTED TO MOTION FOR EXTENSION OF TIME
### TO RESPOND TO THE COMPLAINT

Plaintiff Angela Gonneville ("Plaintiff" or "Gonneville"), pursuant to Massachusetts Rule

of Civil Procedure 6(b), hereby files this Stipulated Motion for Extension of Time to Respond to

the above-captioned Class Action Complaint and, in support, states:

1. Plaintiff filed the Class Action Complaint on February 23, 2024.

2. Defendant was served with the Complaint on March 28, 2024, making its response due

on April 17, 2024.

3. The Parties have agreed to extend the deadline for Defendant to respond to the Complaint

to May 17, 2024.

4. This agreed request for an extension of time is made in good faith and not for purposes of

delay. Given the early stage of this case, no party will be prejudiced by the request.

WHEREFORE, the Parties respectfully request that the Court enter an Order extending

1

the deadline for Defendant to respond to Plaintiff's Complaint to May 17, 2024.

DATED: April 3, 2024.

**RESPECTFULLY SUBMITTED**

On behalf of the Plaintiff,

*/s/ Carlin J. Phillips*
Carlin J. Phillips, BBO# 561916
Andrew J. Garcia, BBO# 559084
**PHILLIPS & GARCIA, P.C.**
13 Ventura Drive, Dartmouth, MA 02747
Tel. (508) 998-0800; Fax (508) 998-0919
cphillips@phillipsgarcia.com

On behalf of the Defendant,

*/s/ Jed H. Hansen*
Jed H. Hansen
Thorpe North & Western, LLP
175 South Main Street, Suite 900
Salt Lake City, Utah 84111
801-566-6633
hansen@tnw.com

2

# CERTIFICATE OF SERVICE

Plaintiff's counsel, Carlin J. Phillips, hereby certifies that a copy of this document was served via email on April 4, 2024, to all counsel of record:

Jed H. Hansen
Thorpe North & Western, LLP
175 South Main Street, Suite 900
Salt Lake City, Utah 84111
801-566-6633
hansen@tnw.com

*/s/ Carlin J. Phillips*
Carlin J. Phillips, BBO# 561916
Andrew J. Garcia, BBO# 559084
**PHILLIPS & GARCIA, P.C.**
13 Ventura Drive, Dartmouth, MA 02747
Tel. (508) 998-0800; Fax (508) 998-0919
cphillips@phillipsgarcia.com

ML

# NOTIFY

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
BUSINESS LITIGATION SESSION

ANGELA GONNEVILLE, individually
and on behalf of all others similarly situated,

      Plaintiff,

v.

LENS.COM, INC.,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)

C.A. NO. 2484CV00531-BLS2

## ASSENTED TO MOTION FOR EXTENSION OF TIME
## TO RESPOND TO THE COMPLAINT

Plaintiff Angela Gonneville ("Plaintiff" or "Gonneville"), pursuant to Massachusetts Rule

of Civil Procedure 6(b), hereby files this Stipulated Motion for Extension of Time to Respond to

the above-captioned Class Action Complaint and, in support, states:

1. Plaintiff filed the Class Action Complaint on February 23, 2024.

2. Defendant was served with the Complaint on March 28, 2024, making its response due

on April 17, 2024.

3. The Parties have agreed to extend the deadline for Defendant to respond to the Complaint

to May 17, 2024.

4. This agreed request for an extension of time is made in good faith and not for purposes of

delay. Given the early stage of this case, no party will be prejudiced by the request.

WHEREFORE, the Parties respectfully request that the Court enter an Order extending

1

Allowed to May 17, 2024.

8 April 2024

the deadline for Defendant to respond to Plaintiff's Complaint to May 17, 2024.

DATED: April 3, 2024.

**RESPECTFULLY SUBMITTED**

On behalf of the Plaintiff,

*/s/ Carlin J. Phillips*
Carlin J. Phillips, BBO# 561916
Andrew J. Garcia, BBO# 559084
**PHILLIPS & GARCIA, P.C.**
13 Ventura Drive, Dartmouth, MA 02747
Tel. (508) 998-0800; Fax (508) 998-0919
cphillips@phillipsgarcia.com

On behalf of the Defendant,

*/s/ Jed H. Hansen*
Jed H. Hansen
Thorpe North & Western, LLP
175 South Main Street, Suite 900
Salt Lake City, Utah 84111
801-566-6633
hansen@tnw.com

2

## CERTIFICATE OF SERVICE

Plaintiff's counsel, Carlin J. Phillips, hereby certifies that a copy of this document was served via email on April 4, 2024, to all counsel of record:

Jed H. Hansen
Thorpe North & Western, LLP
175 South Main Street, Suite 900
Salt Lake City, Utah 84111
801-566-6633
hansen@tnw.com

/s/ Carlin J. Phillips
Carlin J. Phillips, BBO# 561916
Andrew J. Garcia, BBO# 559084
PHILLIPS & GARCIA, P.C.
13 Ventura Drive, Dartmouth, MA 02747
Tel. (508) 998-0800; Fax (508) 998-0919
cphillips@phillipsgarcia.com

3

**JS 44 (Rev. 07/16)** — **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Angela Gonneville

**DEFENDANTS**
Lens.com, Inc.

**(b)** County of Residence of First Listed Plaintiff    Bristol
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Carlin Phillips, Phillips & Garcia PC, 13 Ventura Dr.,
North Dartmouth, MA 02747, (508) 998-0800

Attorneys *(If Known)*
Theodore J. Folkman, Rubin and Rudman LLP, 53 State
St., Boston, MA 02109, (617) 330-7135

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☒ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332
Brief description of cause:
Putative consumer class action for breach of contract and unjust enrichment

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
restitution & damages
CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE     4/25/2024
SIGNATURE OF ATTORNEY OF RECORD     /s/ Theodore J. Folkman

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Gonneville v. Lens.com, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 400, 410, 441, 535, 830*, 835*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ II. 110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

   ☐ III. 120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.
   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐ NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐ NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐ NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐ NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☑ NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division ☑    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐ NO ☑

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Theodore J. Folkman

ADDRESS Rubin and Rudman LLP, 53 State St., Boston, MA 02109

TELEPHONE NO. (617) 330-7135

(CategoryForm11-2020.wpd )